UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*)
STEVEN RAMSEY,                )
       Plaintiff          )
                              )       Civil Action No.:
v.                            )       04-CV-10699-RCL
                              )
JAY CASHMAN, INC.             )
       Defendant          )
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### JOINT MOTION TO EXTEND DISCOVERY AND PRE-TRIAL DEADLINES

Now comes the plaintiff, Steven Ramsey, and the defendant, Jay Cashman, Inc., through their counsel, and jointly move this Honorable Court to extend discovery and other pretrial deadlines. The parties respectfully pray that this Honorable Court extend the deadline for conducting factual discovery by 90 days, up to and including August 22, 2005, and that other pre-trial activity dates, including expert disclosures, and the filing of motions, be extended by an equivalent 90 days.

As grounds for this motion, the parties assert that they have been diligent in their discovery and have worked cooperatively to exchange documents and obtain the depositions of important witnesses. Nonetheless, there are several factors that militate in favor of extending pretrial deadlines.

1.     The plaintiff alleges he was severely injured when he was crushed between a barge and a skiff during a marine construction project in New Jersey. The plaintiff has brought claims under the Jones Act and the general maritime law. The defendant has denied all substantive allegations.

2. Many of the potential witnesses to the alleged incident are employed in the maritime field and their employment necessarily takes them from state to state. (See plaintiff's deposition p. 136 ll.18-21 "We go from state to state. You don't know these people. You know them for as long as you're working on a job. And then you're somewhere else, working on a different job.")

3. Upon information and belief, most of the percipient witnesses to the incident are no longer employed by the defendant.

4. As such, many of the witnesses have been difficult to locate and it has been difficult obtaining their statements/depositions. Additionally, Counsel requires additional time to attend to various matters to properly prepare the matter for trial.

5. During the course of completing the aforementioned discovery, it is quite possible that additional witnesses or information may be identified that will require some discovery by the parties.

6. Furthermore, this case involves complex factual and legal issues and the parties respectfully assert that they require additional time to properly prepare this matter for trial.

7. The parties respectfully assert that this motion is filed in good faith and is in the interest of justice and economy.

Wherefore, the parties respectfully submit that it is in the best interest of the efficient administration of justice in this action to extend the deadline for completing factual discovery by 90 days, up to and including August 22, 2005, and to extend all other deadlines by an equivalent 90 days.

Respectfully submitted,
By their attorneys,

| Attorneys for the Plaintiff, | Attorneys for the Defendant, |
|---|---|
| *(signature)* | *(signature)* |
| Samuel J. Rosenthal | Robert J. Murphy, BBO # 557659 |
| BARISH LAW OFFICES | HOLBROOK & MURPHY |
| 200 N. 5th Street | 150 Federal Street, 12th Floor |
| Camden, NJ 08102 | Boston, MA 02110 |
| (856) 338-0550 | (617) 428-1151 |