UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| STEVEN RAMSEY | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | |
| JAY CASHMAN, INC. | : | NO. 04-CV-10699(RCL) |
| Defendant | : | |
| | : | |

**PLAINTIFF'S REQUEST FOR POINTS FOR CHARGE**

<u>Liability</u>

1.      The law which governs this case is the Maritime Law or the Law of the Sea.  In many respects, it is different from the law which governs our everyday affairs.  It is, therefore, necessary for you to disregard any notions that you might have as to what the law may be and to accept the law as I give it to you.  This is your legal duty in every case and particularly so in this case.  <u>Seas Shipping Company v. Sieracki</u>, 328 U.S. 35 (1946).

2.      In this case, the plaintiff has made two separate claims for recovery.  He has made a claim under a special act of Congress called the Jones Act as well as  under the doctrine known as "unseaworthiness," which is essentially a claim that the ship or its crew or equipment was not reasonable fit for its intended purposes.  However, it is important to note at the outset that plaintiff's claims of  negligence under the Jones Act and of "unseaworthiness" are alternative claims arising from the same injury.  Each claim is governed by separate standards and must be considered separately, but plaintiff can only recover once for his injuries, even if you find that he has established both theories. See generally L. Sand, et al., Modern Federal Jury Instructions, p. 90-57, Instruction 90-32 (1997).

<u>The Jones Act</u>

3.  The plaintiff also brings this action against the defendant under the Jones Act.  The Jones Act provides in substance that every employer whose employees are members of the crew of a vessel in navigation shall be liable in damages for injuries to its employees resulting in whole or in part from the negligence of any of its officers, agents or employees or from any defect or deficiency, due to its negligence, in the vessel, its crew or its equipment.  L. Sand, et al., <u>Modern Federal Jury Instructions</u>, p. 90-2, Instruction 90-1 (1997).

4.      Before you may find the defendant liable to the plaintiff under that statute, you must find by a preponderance of the evidence:  First, that the plaintiff was a member of the crew of a vessel, acting in the course of his employment, as I will define those terms;  Second, that the defendant was plaintiff's employer;  Third, that the defendant or one of its officers, employees or agents was negligent; and Fourth, that such negligence played a part, no matter how slight, in bringing about an injury to the plaintiff.  Only then do you reach the question of damages, which I will discuss later.    L. Sand, et al., <u>Modern Federal Jury Instructions</u>, p. 90-2, Instruction 90-2 (1997).

5.      Regarding the first element, you may find that the plaintiff was a seaman if you find by a preponderance of the evidence:  First, that the plaintiff had a connection to a vessel in navigation, or to an identifiable group of such vessels under common ownership or control, that was substantial in terms of both its duration and its nature; and Second, that the plaintiff's duties contributed to the function of the vessel or to the accomplishment of its mission.  In making the determination whether the plaintiff was a seaman, you should consider that the purpose of the Jones Act is to protect sea-based maritime workers, who owe their allegiance to a vessel or group of vessels, and not land-based employees, who do not. The question you are being asked to decide is whether the plaintiff was a member of the vessel's crew or simply a land-based employee who happened to be working on the vessel at the time he was injured. The two-part test I just described to you is intended to help you make that decision.  I will now define some of these terms for you.

L. Sand, et al., <u>Modern Federal Jury Instructions</u>, p. 90-2, Instruction 90-3 (1997).

6.     What is a vessel in navigation?  First I will define "vessel," then I will define "in navigation."  The term vessel has been broadly defined to include any structure used or capable of being used for transport on water. This of course includes ships and barges.  L. Sand, et al., <u>Modern Federal Jury Instructions</u>, p. 90-2, Instruction 90-4 (1997).  But it also includes other structures such as dredges.  <u>Stewart v. Dutra Construction Co.</u>, 543 U.S. 481, 160 L. Ed. 2d 932, 125 S. Ct. 1118, 2005 U.S. LEXIS 1397 (U.S., 2005); <u>Stewart v. Dutra Constr. Co.</u>, 418 F.3d 32, 2005 U.S. App. LEXIS 16612, 2005 A.M.C. 1904 (1st Cir. 2005).

7.      What is meant by "in navigation"?  Well, it is something more than merely floating in the water. In the simplest case, a vessel is "in navigation" if it is used as a means of transportation of goods, equipment or people by water. However, this does not require that the vessel was being used as a means of transportation at the time of the accident. If the vessel is attached at a dock or anchored, or if it was receiving minor or routine repairs, the vessel may still be in navigation. Nor does it matter if the vessel is used infrequently in navigation or if it only travels a short distance.  On the other hand, a vessel that has been removed from navigation does not qualify under this definition. Thus, if the vessel is tied up to land permanently, for example, a dry dock which floats in the water but is no more than a work station attached to land, or has been disabled or is being repaired to the extent that its navigational capacity is removed, then the vessel is not in navigation.  Similarly, a vessel that has been indefinitely moored and dedicated to another purpose, and which no longer serves any transportation function, is not a vessel in navigation.  Remember, this does not require that the vessel be in motion at the time of the accident. Rather, you should focus on whether it generally performed its functions as a vessel.  L. Sand, et al., Modern Federal Jury Instructions, p. 90-2, Instruction 90-5 (1997);  Stewart v. Dutra Construction Co., -- U.S. --, 125 S. Ct. 1118, -- L. Ed. 2d -- (2005) .

8.     As I stated, in order to find that plaintiff was a seaman, you must find by a preponderance of the evidence that his connection to the vessel (or identifiable group of vessels) was substantial in terms of both its duration and its nature. This means that you should consider both the amount of time that the plaintiff spent on board the vessel and the type of work that he was performing while on board.  With respect to the amount of time the plaintiff spent on board the vessel, a maritime worker who spends only a small fraction of his working time on board is generally regarded as land-based, and not a member of the vessel's crew.  With respect to the nature of the plaintiff's work on board, the plaintiff must perform the work of the vessel. However, a person need not be involved in transportation-related functions that directly aid in the navigation of the vessel in order to qualify as a seaman.  L. Sand, et al., <u>Modern Federal Jury Instructions</u>, p. 90-2, Instruction 90-6 (1997).

9.     The second element requires that plaintiff be an employee of the defendant. The definition of "employee" is fairly simple. It refers to the usual relationship of employer and employee. L. Sand, et al., <u>Modern Federal Jury Instructions</u>, p. 90-2, Instruction 90-8 (1997).

10.     If you find by a preponderance of the evidence that the plaintiff was an employee as I have just defined that term, this element also requires that the plaintiff was acting in the course of his employment at the time of the injury. The phrase "course of employment" includes any injury which occurs on the ship, even if the plaintiff was not on duty at the time, as well as injuries when the employee is boarding or leaving the ship and injuries on land, as long as the employee was performing the work of his employer pursuant to his employer's orders at the time or was on his way to or from doing so.  L. Sand, et al., <u>Modern Federal Jury Instructions</u>, p. 90-2, Instruction 90-10 (1997).

11.     The third element is whether the defendant or its officers, employees or agents were negligent.  The fact that plaintiff was injured during his employment does not automatically entitle him to recover from his employer. Plaintiff can only recover from the defendant if negligence and the other elements I will describe are established by a preponderance of the evidence.  L. Sand, et al., Modern Federal Jury Instructions, p. 90-2, Instruction 90-11 (1997).

12.     Since the defendant is a corporate entity, which can act only through its officers, employees, and agents, it is liable under the Jones Act for their negligence.  <u>See</u> 45 U. S. C. § 51.

13.     This means that if the negligence of a fellow employee or officer played any part, even in the slightest, in causing the injury suffered by the plaintiff, then the defendant vessel owner is liable for the consequences of that negligence.  Ferguson v. Moore-McCormack Lines, Inc., 352 U.S. 521, 523, 1 L.Ed.2d 511, 514 (1957); Rogers v. Missouri Pacific Railroad Co., 352 U.S. 500, 507, 1 L.Ed.2d 493, 500 (1957).

14.     What is negligence?  Negligence is simply the failure to use the same degree of care which a person of ordinary prudence would use in the circumstances of a given situation. It can be the doing of something which a reasonably prudent person would not have done or failing to do something which a reasonably prudent person would have done under the circumstances.  L. Sand, et al., <u>Modern Federal Jury Instructions</u>, p. 90-2, Instruction 90-12 (1997).

15.     This definition of negligence requires the defendant to guard against those risks or dangers of which it knew or by the exercise of due care should have known. In other words, the defendant's duty is measured by what a reasonably prudent person would anticipate or foresee resulting from particular circumstances.  L. Sand, et al., <u>Modern Federal Jury Instructions</u>, p. 90-2, Instruction 90-13 (1997).

16.     How do you determine whether the defendant knew or, through the exercise of reasonable care, should have known of a particular risk or danger?  First, you may consider any evidence presented concerning the actual knowledge of the defendant or its employees or agents. Second, you may consider any evidence presented concerning whether the risk was brought to the attention of the employer or its employees or other agents, for example, through the employee's statements, complaints or protests that a particular condition or assignment was dangerous. Third, you may consider whether a reasonably prudent person would have performed inspections which would have brought the dangerous condition to the defendant's attention or otherwise would have known of the condition.  If you find by a preponderance of the evidence that a reasonably prudent person would have taken reasonable precautions against the risk based on such actual knowledge, statements, complaints or protests or reasonable inspection, and you find that the defendant failed to take such reasonable precautions, then you may find that the defendant was negligent.  L. Sand, et al., Modern Federal Jury Instructions, p. 90-2, Instruction 90-14 (1997).

17.     The degree of care required by the reasonable care standard varies with the level of risk in the particular situation. The greater the risk of harm, the greater the required level of care. L. Sand, et al., <u>Modern Federal Jury Instructions</u>, p. 90-2, Instruction 90-15 (1997).

18.     Thus, the Jones Act imposes on the defendant a duty to exercise reasonable care to provide the plaintiff with a reasonably safe place in which to work, reasonably safe conditions in which to work and reasonably safe tools and equipment.  L. Sand, et al., <u>Modern Federal Jury Instructions</u>, p. 90-2, Instruction 90-16 (1997).

19.     The employer's duty to provide a safe place to work may not be delegated to a third party. Thus, the employer has a duty to provide a safe place to work even when the employee's duties require him to enter property or use equipment owned and controlled by a third party.  L. Sand, et al., <u>Modern Federal Jury Instructions</u>, p. 90-2, Instruction 90-17 (1997).

20.     This duty includes the responsibility to inspect the premises where the defendant's employees will be working, to inspect their equipment, and to take reasonable precautions to protect the employees from possible danger. This duty applies to premises owned by the employer and to premises owned by third parties where employees are required to work.  L. Sand, et al., <u>Modern Federal Jury Instructions</u>, p. 90-2, Instruction 90-18 (1997).

21.    This non-delegable duty imposes on a shipowner a responsibility to make reasonable inspections of its vessels, premises and equipment to discover any dangers or defects and to take reasonable precautions to protect its employees from possible harm.  See Shenker v. Baltimore & Ohio R.R., 374 U.S. 1 (1963).  See generally L. Sand, et al., Modern Federal Jury Instructions, p. 90-34, Instruction 90-18 (1997).

22.     The shipowner has a duty to inspect in order to insure that the instrumentalities used by the employees are reasonably safe.  Ragsdell v. Southern Pacific Transportation Co., 688 F.2d 1281 (C.A. Ariz., 1982); St. Louis Southwestern R.R. Co. v. Greene, 552 S.W.2d 880 (Tex. Civ. App. 1977); Lowden v. Hanson, 134 F.2d 348 (C.C.A. Minn. 1943); Sheffler v. Pennsylvania R. Co., 176 F.2d 368 (C.A. Pa. 1949); Williams v. Atlantic Coast Line Co., 190 F.2d 744 (C.A. Ga. 1951); Isgett v. Seaboard Coast Line R. Co., 332 F. Supp. 1127 (D.C. S.C. 1971).

23.     The defendant's duty is a "continuing duty," from which the defendant is not relieved by the fact that the employee's work at the place in question is fleeting or infrequent.  L. Sand, et al., Modern Federal Jury Instructions, p. 90-2, Instruction 90-19 (1997).

24.     The defendant's duty to exercise reasonable care applies to its assignment of employees to particular tasks. Thus, the defendant may be found negligent if you find that it assigned the plaintiff to duties which the defendant knew or in the exercise of reasonable care should have known were beyond his physical capacity (or that he was not adequately trained to perform) or that would aggravate prior injuries or otherwise cause injury to the employee.  L. Sand, et al., Modern Federal Jury Instructions, p. 90-2, Instruction 90-20 (1997).

25.     Similarly, you may find the defendant negligent if you find that it instructed its employees to perform tasks either with a number of employees or a procedure or method which it knew or in the exercise of reasonable care should have known, would result in injuries.  L. Sand, et al., <u>Modern Federal Jury Instructions</u>, p. 90-2, Instruction 90-21 (1997).

26.     Thus, the Jones Act obligates a shipowner to properly instruct its employees on the safe operation of its equipment, tools, machinery, and appliances.  See Stone v. New York, Chicago & St. Louis R.R., 344 U.S. 407 (1953); Ybarra v. Burlington Northern, Inc., 689 F.2d 147 (8th Cir. 1982); Heater v. Chesapeake & Ohio Ry., 497 F.2d 1243 (7th Cir.), cert. denied, 419 U.S. 1013 (1974).

27.     In addressing the question of negligence, you may consider the evidence which was presented concerning the custom in the industry or safety rules. If you find that there were such customs or rules, they may indicate recognition of a hazard and of means to avoid it, which you may consider as one indication of what may be reasonable in a given situation. On the other hand, you may find that an industry custom or a safety rule does not reflect the level of care a reasonably prudent person would take and that, although an industry custom or safety rule was followed, the defendant was negligent. Similarly, even if you find that the defendant violated or failed to enforce a safety rule, or did not take customary precautions, such a failure does not mandate a finding of negligence. Before you may impose liability, you must still find that the defendant failed to exercise reasonable care in the circumstances.  L. Sand, et al., <u>Modern Federal Jury Instructions</u>, p. 90-2, Instruction 90-22 (1997).

28.     Thus, a shipowner may also be found negligent under the Jones Act if it fails to prescribe, promulgate, and/or enforce adequate rules, procedures, and regulations for the safe operation of its equipment, tools, machinery and appliances.  See Moore v. Chesapeake & Ohio Ry., 649 F.2d 1004 (4th Cir. 1981); Phillips v. Chesapeake & Ohio Ry., 475 F.2d 22 (4th Cir. 1973).

29.     Even when the shipowner takes precautions for an employee's safety, it cannot escape liability if further remedial measures were both possible and reasonable yet not effectuated.  <u>See</u> <u>Williams v. Long Island R.R.</u>, 196 F.3d 402 (2d Cir. 1999); <u>Martinez v. Union Pacific R.R.</u>, 82 F.3d 223 (8th Cir. 1996); <u>Eggert v. Norfolk & Western Ry.</u>, 538 F.2d 509 (2d Cir. 1976); <u>Panger v. Duluth, Winnipeg & Pacific Ry.</u>, 490 F.2d 1112 (8th Cir. 1974); <u>Rodriguez v. Delray Connecting R.R.</u>, 473 F.2d 819 (6th Cir. 1973); <u>Schillie v. Atchison, Topeka & Santa Fe Ry.</u>, 222 F.2d 810 (8th Cir. 1955); <u>Boston & Maine R.R. v. Meech</u>, 156 F.2d 109 (1st Cir.), <u>cert</u>. <u>denied</u>, 329 U.S. 763 (1946); <u>Morgan v. Consolidated Rail Corp.</u>, 509 F. Supp. 281 (S.D.N.Y. 1980); <u>Isgett v. Seaboard Coast Line R.R.</u>, 332 F. Supp. 1127 (D.S.C. 1971); <u>Seeberger v. Burlington Northern R.R.</u>, 138 Wash.2d 815, 982 P.2d 1149 (1999); <u>Missouri-Kansas-Texas R.R. v. Miller</u>, 486 P.2d 630 (Okla. 1971); <u>Wright v. Chicago, Burlington & Quincy R.R.</u>, 392 S.W.2d 401 (Mo. 1965); <u>Welsh v. Burlington Northern R.R.</u>, 719 S.W.2d 793 (Mo.App. 1986); <u>Campbell v. Chesapeake & Ohio Ry.</u>, 36 Ill.App.2d 276, 183 N.E.2d 736 (1962); <u>Wawryszyn v. Illinois Central R.R.</u>, 10 Ill.App.2d 394, 135 N.E.2d 154 (1956).

30.     The Jones Act, therefore, imposes on a shipowner a non-delegable duty to guard against any risks or dangers of which it knew or by the exercise of reasonable care should have known.  See Gallick v. Baltimore & Ohio R.R., 372 U.S. 108 (1963); Urie v. Thompson, 337 U.S. 163 (1949).  See generally 5 L. Sand, et al., Modern Federal Jury Instructions, p. 90-28, Instruction 90-13 (1997).  A shipowner, however, need not foresee the particular consequences of its negligent acts in order to be held liable under the Jones Act.  See Gallick, supra.  Thus, it must compensate the plaintiff for even the improbable or unexpectedly severe consequences of its negligence.  See Gallick, supra.

31.     You may impute actual knowledge of a dangerous condition or defect to the shipowner if its officers, agents, or employees knew or should have known of the condition.  <u>See Gallick v. Baltimore & Ohio R.R.</u>, 372 U.S. 108 (1963).  <u>See</u> <u>generally</u> 5 L. Sand, <u>et</u> <u>al</u>., <u>Modern Federal Jury Instructions</u>, p. 90-29, Instruction 90-14 (1997).

32.    You may also impute constructive knowledge of a dangerous condition or defect to the shipowner if the evidence reveals that the hazard has existed for a sufficiently long period of time that the defendant, upon reasonable inspection, should have discovered it.  See Baltimore & Ohio R.R. v. Flechtner, 300 F. 318 (6th Cir.), cert. denied, 266 U.S. 613 (1924); Smith v. Schumacker, 30 Cal.App.2d 251, 85 P.2d 967 (1938), cert. denied, 307 U.S. 646 (1939); Doyle v. St. Louis Merchants' Bridge Terminal Ry., 326 Mo. 425, 31 S.W.2d 1010 (1930), cert. denied, 283 U.S. 820 (1931); Galveston, Harrisburg & San Antonio Ry. v. Miller, 192 S.W. 593 (Tex.App. 1917).  See generally 5 L. Sand, et al., Modern Federal Jury Instructions, p. 90-29, Instruction 90-14 (1997).

33.    To summarize, if you find by a preponderance of the evidence that the defendant failed to exercise reasonable care to provide the plaintiff with a reasonably safe place to work, reasonably safe conditions, tools or equipment, or failed in any other way to exercise reasonable care in the circumstances, you may find that the defendant was negligent.  L. Sand, et al., <u>Modern Federal Jury Instructions</u>, p. 90-2, Instruction 90-24 (1997).

34.     You reach the fourth element only if you have found by a preponderance of the evidence that the plaintiff was a member of the crew of a vessel, acting in the course of his employment, that the defendant was plaintiff's employer and that the defendant or its employees or agents was negligent.  The fourth element is whether an injury to the plaintiff resulted in whole or part from the negligence of the defendant or its employees or agents. In other words, did such negligence play any part, even the slightest, in bringing about an injury to the plaintiff?  However, it is important to remember that there can be more than one cause of an injury. The involvement of any other cause does not prevent a finding for the plaintiff, as long as you find that the employer's negligence played any part, no matter how slight, in causing an injury to the plaintiff.  L. Sand, et al., Modern Federal Jury Instructions, p. 90-2, Instruction 90-25 (1997).

35.    In addressing the question of negligence, you may consider whether the shipowner's conduct violated its own safety rules or customary practices in the industry.  See Armstrong v. Burlington Northern R.R., 139 F.3d 1277 (9th Cir. 1998); Moses v. Union Pacific R.R., 64 F.3d 413 (8th Cir. 1995); DeBiasio v. Illinois Central R.R., 52 F.3d 678 (7th Cir. 1995), cert. denied, 516 U.S. 1157 (1996); Fulton v. St. Louis-San Francisco Ry., 675 F.2d 1130 (10th Cir. 1982); Brown v. Cedar Rapids & Iowa City Ry., 650 F.2d 159 (8th Cir. 1981); Mileski v. Long Island R.R., 499 F.2d 1169 (2d Cir. 1974); Duncan v. St. Louis-San Francisco Ry., 480 F.2d 79 (8th Cir.), cert. denied, 414 U.S. 859 (1973); Boston & Maine R.R. v. Talbert, 360 F.2d 286 (1st Cir. 1966); Johnson v. Erie Lackawanna R.R., 236 F.2d 352 (2d Cir. 1956); Haines v. Reading R.R., 178 F.2d 918 (3d Cir. 1950).  See generally 5 L. Sand, et al., Modern Federal Jury Instructions, p. 90-38, Instruction 90-22 (1997).

36.     A shipowner's compliance with these customs or rules, however, does not insulate it from liability.  It may still be found negligent where these customs or rules do not reflect the level of care which a reasonably prudent person would exercise under the circumstances.  <u>See</u> <u>Urie v. Thompson</u>, 337 U.S. 163 (1949).  <u>See</u> <u>generally</u> 5 L. Sand, <u>et al</u>., <u>Modern Federal Jury Instructions</u>, p. 90-38, Instruction 90-22 (1997).  An industry may never set its own standards.  <u>The T.J. Hooper</u>, 60 F.2d 737 (2d Cir. 1932), <u>cert</u>. <u>denied</u>, <u>Eastern Transportation Co. v. Northern Barge Corp.</u>, 287 U.S. 602 (1932)  Even its universal disregard of a precautionary measure may not preclude a finding of liability should you determine that common procedure would dictate its implementation.  <u>See</u> <u>The T.J. Hooper</u>, <u>supra</u>.

37.    Moreover, if the evidence reveals that the defendant violated an applicable regulation or statute and that this act and/or omission contributed in any way to plaintiff's injuries, then you must find that the defendant was negligent as a matter of law.  See Crane v. Cedar Rapids & Iowa City Ry.  395 U.S. 164 (1969); Kernan v. American Dredging Co., 355 U.S. 426 (1958); Urie v. Thompson, 337 U.S. 163 (1949); Seaboard Air Line Ry. v. Horton, 233 U.S. 492 (1994); Morant v. Long Island R.R., 66 F.3d 518 (2d Cir. 1995); Walden v. Illinois Central Gulf R.R., 975 F.2d 361 (7th Cir. 1992); Eckert v. Aliquippa & Southern R.R., 828 F.2d 183 (3d Cir. 1987); Diede v. Burlington Northern R.R., 772 F.2d 593 (9th Cir. 1985); Schroeder v. Pennsylvania R.R., 397 F.2d 452 (7th Cir. 1968); Schultz v. Illinois Central R.R., 1994 WL 643244 (N.D.Ill., November 9, 1994). See also Rabon v. Automatic Fasteners, Inc., 672 F.2d 1231 5th Cir. 1982); Melerine v. Avondale Shipyards, Inc., 659 F.2d 706 (5th Cir. 1981); National Marine Services, Inc. v. Gulf Oil Co., 433 F.Supp. 913, 919-920 (E.D.La.1977), aff'd 608 F.2d 522 (5th Cir. 1979); Buhler v. Marriott Hotels, Inc., 390 F.Supp. 999 (E.D.La.1974). It is irrelevant for purposes of this determination that this statute or regulation was not designed to protect against the injury or harm produced.  See Kernan, supra.

38.     Indeed, even if the evidence reveals that the defendant complied with an applicable safety statute and/or regulation, it is still liable for plaintiff's injuries if, under the circumstances, a reasonable person would have taken additional precautions to prevent harm.  See King v. Southern Pacific Transportation Co., 855 F.2d 1485 (10th Cir. 1988) (citing Urie v. Thompson, 337 U.S. 163 (1949)); Mosco v. Baltimore and Ohio R.R., 817 F.2d 1088 (4th Cir.), cert. denied, 484 U.S. 851 (1987); Earwood v. Norfolk Southern Ry., 845 F. Supp. 880 (N.D.Ga. 1993); Morgan v. Consolidated Rail Corp., 509 F. Supp. 281 (S.D.N.Y. 1980); Fontaine v. National R.R. Passenger Corp., 54 Cal.App.4th 1519, 63 Cal.Rptr.2d 644 (1997); Failing v. Burlington Northern R.R., 815 P.2d 974 (Colo.App. 1991).

39. Moreover, even if these statutes and/or regulations are not applicable to the specific equipment and/or operation involved in plaintiff's accident, defendant's noncompliance therewith is still evidence of negligence in this action. See Ries v. National R.R. Passenger Corp., 960 F.2d 1156 (3d Cir. 1992); Albrecht v. Baltimore & Ohio R.R., 808 F.2d 329 (4th Cir. 1987); Miller v. Chicago & North Western Transportation Co., 925 F. Supp. 583 (N.D.Ill. 1996); Manes v. Metro-North Commuter R.R., 801 F. Supp. 954 (D.Conn. 1992), aff'd, 990 F.2d 622 (2d Cir. 1993). It is relevant to your determination of what precautions a reasonably prudent employer would have implemented under similar circumstances. See Ries, supra; Albrecht, supra; Miller, supra; Manes, supra.

40.     Under the Jones Act, a shipowner is liable in damages for breaching its non-delegable duty to provide a safe place to work if the negligent acts or omissions of its officers, agents, or employees played any part, even the slightest, in producing plaintiff's injury.  <u>See</u> <u>Rogers v. Missouri Pacific R.R.</u>, 352 U.S. 500 (1957).  It does not matter that, from the evidence, you may also attribute plaintiff's injury to other causes.  <u>See</u> <u>Rogers</u>, <u>supra</u>.  The involvement of any other cause does not prevent a finding for the plaintiff, as long as you determine that the employer's negligence played any part, no matter how slight, in causing the injury.  <u>See</u> <u>Rogers</u>, <u>supra</u>.  <u>See generally</u> 5 L. Sand, <u>et al</u>., <u>Modern Federal Jury Instructions</u>, p. 90-43, Instruction 90-25 (1997).

41.     Plaintiff, therefore, is entitled to recover from the defendant should you find from a preponderance of the evidence that the shipowner's negligent acts or omissions played any part, even the slightest, in producing his injuries.  See Rogers v. Missouri Pacific R.R., 352 U.S. 500 (1957).

42.     In a Jones Act case, liability may be inferred completely from circumstantial evidence.  See Rogers v. Missouri Pacific R.R., 352 U.S. 500 (1957); Mendoza v. Southern Pacific Transportation Co., 733 F.2d 631 (9th Cir. 1984); Pekowic v. Erie Lackawanna R.R., 430 F.2d 697 (3d Cir. 1970); Moore v. Chesapeake & Ohio Ry., 493 F. Supp. 1252 (S.W.Va. 1980), aff'd, 649 F.2d 1004 (4th Cir. 1981).  It may be based exclusively on inferences you draw from the facts and circumstances of the case which, in light of your ordinary experience, reasonably suggest that the shipowner's negligence played even the slightest part in producing plaintiff's injury.  See Henwood v. Coburn, 165 F.2d 418 (8th Cir. 1948).

43.     Under all the law and evidence, the defendant is guilty of negligence as a matter of law.

44.     I have already explained that you may find the defendant liable to the plaintiff if it negligently failed to provide plaintiff with a safe place to work or was otherwise negligent, and if such negligence played a part, even the slightest, in causing plaintiff's injuries. In this case, the defendant has contended that plaintiff's injuries were due (at least in part) to plaintiff's own negligence. This is referred to as "contributory negligence." However, even if you find that the plaintiff was negligent under the standards that I will describe in a moment, that does not prevent plaintiff from recovering damages if you find that the defendant's negligence also played a part in causing plaintiff's injuries. Rather, it would result in a reduction of plaintiff's damages in proportion to the amount of negligence attributable to plaintiff, as I will explain in detail shortly.  L. Sand, et al., Modern Federal Jury Instructions, p. 90-3, Instruction 90-26 (1997).

45.     In considering the question of plaintiff's contributory negligence, if any, account must be made for the general position of seamen. Generally speaking, it is the duty of a seaman to do the work assigned; it is not his duty to find the safest method of doing it, or to devise a safer method. Thus, plaintiff cannot be found contributorily negligent based solely on his knowledge or acceptance of a dangerous situation or based on the fact that he was working at a dangerous job. Rather, you may find the plaintiff contributorily negligent only if defendant has proved by a preponderance of the evidence that plaintiff did not exercise ordinary care for his own protection, such as by failing to use an available safe alternative, of which he knew or should have known. But, remember, the mere fact that the plaintiff continued working in spite of a dangerous situation does not constitute contributory negligence and cannot prevent or reduce his recovery.  L. Sand, et al., Modern Federal Jury Instructions, p. 90-3, Instruction 90-27 (1997).

46.    Now, assuming that you find by a preponderance of the evidence that the defendant was negligent and that its negligence played a part in causing plaintiff's injuries; and assuming that you find by a preponderance of the evidence that plaintiff was negligent and that his negligence played a part in causing his own injuries, you must then determine the percentage to which plaintiff's negligence, if any, contributed to his injuries. You will report this percentage on the special verdict form which I will discuss shortly, and then after you return your verdict, I will decrease the amount of damages you have found, if any, by the percentage by which you find his negligence contributed to his own injuries. As I will remind you when I discuss damages in detail, if you reach the issue of damages, you should address the question of damages as a separate matter from the issue of contributory negligence. L. Sand, et al., <u>Modern Federal Jury Instructions</u>, p. 90-3, Instruction 90-28 (1997).

47.    The defendant has introduced evidence that the injury to the plaintiff was caused solely because the plaintiff failed to perform a duty which he or she had consciously assumed as a term of employment. If you find that the defendant has proven by a preponderance of the evidence all three elements of this defense as I shall describe them, then you should render a verdict in favor of the defendant.  First, the defendant must prove that plaintiff's injury was caused by the plaintiff's failure to perform a duty which he or she had consciously assumed as a term of employment. This means that it was one of the plaintiff's principal duties as a member of the crew to protect against the existence of the unsafe condition which caused the accident. Second, the defendant must prove that the plaintiff was injured by a dangerous condition that the plaintiff either created or knew existed and, in the proper exercise of his or her employment duties, should have controlled or protected against.  Third, the defendant must prove that the plaintiff's injury was caused by a knowing failure to carry out his or her responsibilities to protect against that unsafe condition. This means that the plaintiff must have known of the dangerous condition and failed to act to correct it after having a reasonable opportunity to do so, and that the accident was not caused simply by a momentary lapse of attention for his or her own safety.  L. Sand, et al., <u>Modern Federal Jury Instructions</u>, p. 90-3, Instruction 90-31 (1997).

48.     Just as the plaintiff has the burden of proof to convince you by a fair preponderance of the evidence that the defendant was negligent, or that the shipowner, its appliances and appurtenances, were unsafe, the defendant has the burden of proof to convince you, by the same quality of evidence, that the plaintiff was guilty of contributory negligence.

49.     Under the Jones Act, however, a seaman is entitled to assume that his employer properly discharged its duty to provide him a reasonably safe place to work and that he is not exposed to any hazards or dangers.  Prosser, Torts, p. 642; Holmes v. Ginter Restaurant Co., 54 F.2d 876 (1st Cir. 1932).  See also Cazad v. Chesapeake & Ohio Ry., 622 F.2d 72 (4th Cir. 1980); Williams v. Atlantic Coast Line R.R., 190 F.2d 744 (5th Cir. 1951); Pitt v. Pennsylvania R.R., 66 F. Supp. 443 (E.D.Pa. 1946), aff'd, 161 F.2d 733 (3d Cir. 1947).

50.     A seaman, therefore, is not required to anticipate defects or dangerous conditions of which he has no knowledge.   Prosser, Torts, p. 642; Holmes v. Ginter Restaurant Co., 54 F.2d 876 (1st Cir. 1932).   See also Tiller v. Atlantic Coast Line R.R., 318 U.S. 54 (1943); Birchem v. Burlington Northern R.R., 812 F.2d 1047 (8th Cir. 1987); Almendarez v. Atchison, Topeka & Santa Fe Ry., 426 F.2d 1095 (5th Cir. 1970); Koshorek v. Pennsylvania R.R., 318 F.2d 364 (3d Cir. 1963); Johnson v. Erie R.R., 236 F.2d 352 (2d Cir. 1956); Thomas v. Union Ry., 216 F.2d 18 (6th Cir. 1954); Atlantic Coastline R.R. v. Burkett, 192 F.2d 941 (5th Cir. 1951); Mumma v. Reading Co., 247 F. Supp. 252 (E.D.Pa. 1965).

51.     A maritime worker is entitled to assume that the shipowner and its employees have performed those functions necessary to make the equipment with which he is to work safe for him and he is not required to be on the alert for possible defects or dangerous conditions of which he has no knowledge.  Prosser, Torts, p. 642; Holmes v. Ginter Restaurant Co., 54 F.2d 876 (1st Cir. 1932).

52.     The vessel owner cannot avoid liability for personal injury on the grounds that the injured party assumed the risk of his employment.  Assumption of the risk is not a defense in a suit by a maritime worker against a shipowner, and the maritime worker does not assume the risk of being injured through the negligence of his employer or the negligence of a fellow employee. Sinkler v. Missouri Pac. R. Co., 356 U.S. 326 (1958), reh. denied, 356 U.S. 978; Seabalt v. Pennsylvania R. Co., 290 F.2d 296 (2d Cir. 1961).

53.  The plaintiff does not assume the risk of an unsafe place to work and cannot be blamed for working in an unsafe place.  This is so even if the hazard or danger is obvious.  Darlington v. National Bulk Carriers, 157 F.2d 817 (2d Cir. 1946); Salem v. United States Lines Co., 293 F.2d 121, 125 (2d Cir. 1961), aff'd in part, rev'd in part, 370 U.S. 31, 82 S.Ct. 1119 (1962); Rivera v. Farrell Lines, Inc., 474 F.2d 255, 257-258 (2d Cir.); cert. den., 464 U.S. 1039 (1984); Pedersen v. Diesel Tankers, Ira S. Bushey, Inc., 280 F.Supp. 421, 424 (S.D.N.Y. 1967); Hall v. American Steamship Co., 688 F.2d 1062 (6th Cir. 1982); Tolar v. Kinsman Marine Transit Co., 618 F.2d 1193 (6th Cir. 1980).

54.   Thus, you may not find the plaintiff contributorily negligent based solely on his knowledge or acceptance of a dangerous condition or because he was working at a dangerous job. See Fashauer, supra.  This is so even if the hazard or danger was obvious.  See Rivera v. Farrell Lines, Inc., 474 F.2d 255 (2d Cir.), cert. denied, 414 U.S. 822 (1973); Hall v. American Steamship Co., 688 F.2d 1062 (6th Cir. 1982); Tolar v. Kinsman Marine Transit Co., 618 F.2d 1193 (6th Cir. 1980); Salem v. United States Lines Co., 293 F.2d 121 (2d Cir. 1961), aff'd in part, rev'd in part, 370 U.S. 31 (1962); Darlington v. National Bulk Carriers, Inc., 157 F.2d 817 (2d Cir. 1946); Pedersen v. Diesel Tankers, Ira. S. Bushey, Inc., 280 F. Supp. 421 (S.D.N.Y. 1967).

55.     Nor may you find contributory negligence on the part of the plaintiff simply because he acceded to the request or direction of a supervisor that he perform a dangerous job or discharge his duties in a dangerous place or under unsafe conditions.  See Fashauer v. New Jersey Transit Rail Operations, Inc., 57 F.3d 1269 (3d Cir. 1995).

56.    It is the duty of a seaman only to do the work assigned.  See Fashauer v. New Jersey Transit Rail Operations, Inc., 57 F.3d 1269 (3d Cir. 1995).  It is not his duty to find the safest method of doing it, or to devise a safer method.  See Fashauer, supra.  Therefore, in considering the defendant's claim that the plaintiff was guilty of contributory negligence, you must bear in mind that the plaintiff is not chargeable with any negligent conduct of his employer.  See Fashauer, supra.  The plaintiff is only chargeable with his own actions.  See Fashauer, supra.  In connection with the defendant's claim of contributory negligence, therefore, you may consider only what the plaintiff himself did, or failed to do, at the time and place in question as shown by a preponderance of the evidence.  See Fashauer, supra.

57.     Moreover, contributory negligence may not be asserted as a defense to mitigate plaintiff's damages should you find that the shipowner's acts or omissions violated an applicable safety statute and/or regulation.  See Kernan v. American Dredging Co., 355 U.S. 426 (1958); Eckert v. Aliquippa & Southern R.R., 828 F.2d 183 (3d Cir. 1987).  See also Pratico v. Portland Terminal Co., 783 F.2d 255 (1st Cir. 1985).

58.     Nor may you find the plaintiff guilty of contributory negligence if the evidence reveals that, at the time of the accident, he violated a safety rule which was not enforced by the shipowner or with which it was impossible to comply.  <u>Ybarro v. Burlington Northern, Inc.</u>, 689 F.2d 147 (8th Cir. 1982); <u>Hancock v. Norfolk & Western Ry.</u>, 39 Ohio App.3d 77, 529 N.E.2d 937 (1987).

59.    Under all the law and evidence, the plaintiff is not guilty of contributory negligence as a matter of law.

60.     Under all of the law and evidence, your verdict must be for the plaintiff and against the defendant.

61. Under all of the law and evidence, the defendant is guilty of negligence as a matter of law.

## Unseaworthiness

62.     Under the Maritime Law which applies to this case, there is an absolute duty on the part of the shipowner to provide a safe and seaworthy vessel and to supply and keep in reasonable order the appliances and equipment appurtenant to the vessel for the safe use of the personnel who were engaged in rendering services aboard the vessel.  <u>Seas Shipping Company v. Sieracki</u>, 328 U.S. 35 (1946).

63.     To recover on an unseaworthiness claim, plaintiff must establish by a preponderance of the evidence:  First, that the ship or its equipment or crew, was unseaworthy; and  Second, that such unseaworthiness was a proximate cause of an injury to plaintiff.  Only if these two elements are satisfied do you reach the question of damages under plaintiff's unseaworthiness claim.  L. Sand, et al., <u>Modern Federal Jury Instructions</u>, p. 90-4, Instruction 90-33 (1997).

64.     What is meant by "unseaworthiness"?  The general maritime law, which applies in this case, imposes a duty on shipowners to provide vessels, equipment and crew which are reasonably fit for their intended use. If the vessel, or its equipment or crew are not reasonably fit for their intended use, then the ship or that part of the ship or its equipment or crew, is unseaworthy. L. Sand, et al., <u>Modern Federal Jury Instructions</u>, p. 90-4, Instruction 90-34 (1997).

65.     The shipowner's duty to provide a seaworthy ship is absolute, continuing and may not be delegated to a third party. The shipowner's lack of knowledge or lack of opportunity to correct such conditions, or the shipowner's diligence are irrelevant. If the ship or its equipment or crew (or the relevant part) was unseaworthy and such unseaworthiness was a proximate cause of an injury to plaintiff, then the shipowner is liable to the plaintiff.  L. Sand, et al., <u>Modern Federal Jury Instructions</u>, p. 90-4, Instruction 90-35 (1997).

66.     As I have already stated, in proving his unseaworthiness claim, the plaintiff is not required to establish that the entire ship was unseaworthy. Rather, he must show that the part of the ship or its gear or crew was unseaworthy.  L. Sand, et al., <u>Modern Federal Jury Instructions</u>, p. 90-4, Instruction 90-37 (1997).

67.     If an unseaworthy condition exists and is a substantial factor in causing an injury, the injured party who is entitled to the protection of this rule of law is entitled to recover from the shipowner, even though the shipowner or its agents or employees did not create the condition, did not know of its existence or had no opportunity to repair or correct it.  In other words, this form of liability is not dependent upon any concept of carelessness or negligence.  The warranty of seaworthiness is a species of liability without fault.  Seas Shipping Company v. Sieracki, 328 U.S. 35 (1946).

68.    The obligation to furnish a seaworthy vessel has a much broader connotation than furnishing a vessel which is capable of staying afloat or of being navigated safely.  The equipment used aboard the ship must be in safe condition, no matter how simple in nature that equipment may be.  Seas Shipping Company v. Sieracki, 328 U.S. 35 (1946); The H.A. Scandrett, 87 F.2d 708 (2d Cir. 1937).

69.  The duty to provide a safe and seaworthy vessel is absolute.  This means that the vessel owner cannot satisfy this obligation by the mere existence of reasonable care and diligence.  If the vessel or any part thereof is found by you to be unseaworthy, and by reason hereof was a substantial factor in causing the injury which the plaintiff suffered, then your verdict for liability should be for the plaintiff and against the defendant regardless of the amount of diligence or care exercised by defendant.  This is true even if the defendant was not aware of the actual condition of the part of the vessel involved.  <u>Mahnich v. Southern S.S. Company</u>, 321 U.S. 96, 103 (1944).

70.     I also charge you that the defendant shipowner, having actual or constructive knowledge, and that means that it knew or should have known that a certain activity would occur, there is imposed upon it the absolute duty of supplying whatever equipment is necessary for permitting the conduct and accomplishment of an activity in reasonable safety.  Failure to comply with this duty makes the shipowner liable and the vessel unseaworthy.  <u>Meslo v. Kea SS Co.</u>, 260 F.2d 747, 751 (1958).

71.    The vessel is unseaworthy if the procedure or method used by the crew creates an undue risk of harm.  This is true even though the condition be transitory and without knowledge on the part of the vessel's officers.  Thompson v. Calmar Steamship Corp., 331 F.2d 657 (3d Cir. 1964); Ferrante v. Swedish American Lines, 331 F.2d 571 (3d Cir. 1964); Scott v. Isbrandtsen Company, Inc., 327 F.2d 113 (4th Cir. 1964).

72.    It is not necessary for the plaintiff to prove both unseaworthiness and negligence.  It is enough if he proves either one.  Of course, he may prove both.  But if he proves either one, or both, and further proves that the condition or breach was a substantial factor in causing the injury, he is entitled to a verdict in your hands.

73.     If you find that the defendant was negligent and/or that the vessel was unseaworthy as a consequence of which the plaintiff was injured, the fact that there might also have been negligence on the part of plaintiff's co-employee which contributed to the happening of the accident would not bar his right to recover from the defendant shipowner.

74.  If you find that any piece of equipment is inadequate, you must find that the vessel is unseaworthy as a matter of law.

75.  Indeed, if you find that the vessel in question was inadequate for its intended use, you must find that vessel is unseaworthy as a matter of law.

76.  If  hazardous conditions are known to the employer, it is incumbent upon the employer, to provide safety regulations and require use of safety equipment to insure safe working conditions for the employees.   See Hebert v. Otto Candies, Inc., 402 F.Supp. 503 (E.D.La. 1975).

77.  If  a shipowner knows or should know that a certain activity will occur, there is imposed upon it the absolute duty of supplying whatever equipment is necessary for permitting the conduct and accomplishment of an activity in reasonable safety.  Failure to comply with this duty makes the shipowner liable and the vessel unseaworthy.  See Mesle v. Kea SS Co., 260 F.2d 747, 751 (3d Cir. 1958).  A  shipowner may not escape this liability, however, merely because the owner uses men rather than machines or physical equipment to perform ship's work.   See e.g. Waldron v. Moore-McCormack Lines, Inc., 87 S.Ct. 1410, 18 L.Ed.2d 482  (1967).

78.     The controversy here centers about the parties' respective contentions as to whether the accident was due to unseaworthiness or caused by operational negligence.  The law distinguishes between a condition and an act, which may or not may bring about a condition of unseaworthiness. Now this concept involves a rather fine distinction.  I will try to simplify it for you, since you are called upon to make the determination of whether the ship was in fact unseaworthy. Unseaworthiness is a condition whereby a vessel or its equipment (or crew) is not reasonably fit for its intended use, and if that condition of unfitness exists at the time of the accident, and as a result a crew member is injured, the shipowner is liable no matter how the condition was brought about or who brought it about.  Indeed, if the condition exists, whether it was brought into existence by the ship's crew, a third party, or even a fellow employee, the shipowner would still be liable.  Now, let us take a seaworthy vessel with appliances that are reasonably fit for their intended use or purpose on which normal operations are in process. Let us suppose that during the course of such operations the previously fit ship or appliance is rendered unsafe because of the negligent act of some person. In such an instance, if the negligent act itself is in process and has not yet ripened into an unseaworthy condition, the act, during its commission, is referred to as operational negligence--and in that limited circumstance the shipowner would not be liable. In other words, if the defect arose as a momentary step or phase in the progress of work aboard an otherwise seaworthy ship, and was an incident in the continuous course of operation--and the unseaworthy condition had not yet resulted, the shipowner is not liable. On the other hand, if the momentary phase had ended and the act had ripened into a condition of unseaworthiness at the time the accident occurred, then the shipowner was responsible.  Thus, there is a point at which negligent conduct ends and an unseaworthy condition begins. If the act results in the condition of unseaworthiness at the time of

the accident, then the owner is liable; if the act falls short of creating the condition at the time of the

accident, it is not  L. Sand, et al., <u>Modern Federal Jury Instructions</u>, p. 90-4, Instruction 90-38

(1997).

79.     During the trial, evidence was presented that certain practices which are alleged to be a part of an unseaworthy condition were customary practices. You may consider this evidence as relevant to whether the vessel was reasonably fit for its intended purpose, however, the fact that a given practice is customary is not conclusive of seaworthiness. You must focus on the definition of seaworthiness which I have explained in these instructions.  L. Sand, et al., <u>Modern Federal Jury Instructions</u>, p. 90-4, Instruction 90-39 (1997).

80.     You reach the second element only if you find that the ship or its equipment or crew, or the relevant part, was unseaworthy, that is, not reasonably fit for its intended purpose.  The second element is whether an injury to the plaintiff was caused by an unseaworthy condition. You are to determine this question based on the following definition of cause.  You may find that plaintiff's injury was caused by an unseaworthy condition if by a preponderance of the evidence, it appears that the unseaworthy condition played a substantial part in bringing about or actually causing the injury, and that the injury was either a direct result or a reasonably probable consequence of the unseaworthy condition.  However, please note that under this definition, the law recognizes that there can be more than one cause of an injury. The involvement of another cause does not prevent a finding for the plaintiff, as long as you find that an unseaworthy condition played a substantial part in bringing about an injury to plaintiff, and that the injury was either a direct result or a reasonably probable consequence of the unseaworthy condition.   L. Sand, et al., Modern Federal Jury Instructions, p. 90-4, Instruction 90-40 (1997).

81.    As in the Jones Act claim, the defendant alleges that plaintiff was contributorily negligent and that plaintiff's damages, if any, should be reduced to the extent that his own negligence contributed to his injury. This question is governed by the same rules which I previously described. L. Sand, et al., <u>Modern Federal Jury Instructions</u>, p. 90-4, Instruction 90-41 (1997).

## Damages

82.     You reach the issue of damages only if you find that the plaintiff has established the first four elements, as I have explained them, by a preponderance of the evidence.  The fact that I charge you on the issue of damages does not mean that plaintiff is entitled to prevail--that is for you to decide. I instruct you on this subject only in the event you decide that plaintiff has sustained his burden of proof as to the first four elements.  L. Sand, et al., <u>Modern Federal Jury Instructions</u>, p. 90-5, Instruction 90-42 (1997).

83.     The purpose of the Jones Act is to compensate an injured party for the damages sustained as a result of another's negligent conduct or conduct in violation of the duty to provide a seaworthy vessel.  Your award must be fair and just.  It should neither be excessive nor inadequate; it should be reasonable.  L. Sand, et al., <u>Modern Federal Jury Instructions</u>, p. 90-5, Instruction 90-43 (1997).

84.     Under the Jones Act and the doctrine of unseaworthiness, the plaintiff, if he has sustained his burden of proof, may recover for:     1. Loss of earnings from the time of the accident to the present, and in the future;     2. Pain, suffering and mental anguish, including the effect of his injury on the normal pursuits and pleasures of life, experienced from the date of the accident to the present; and     3. Pain, suffering and mental anguish, if any, as you may reasonably find he is likely to endure in the future as a result of his injury.   The plaintiff may also recover his out of pocket expenses, such as medical bills.   L. Sand, et al., <u>Modern Federal Jury Instructions</u>, p. 90-5, Instruction 90-44 (1997).

85.     The fact that plaintiff's physical condition prior to the accident may have made him susceptible to greater injury and loss than could have been anticipated by the vessel owner does not in any way reduce his recovery in this case.  A tortfeasor takes his victim as he finds him and is liable for the full extent of the damages sustained, even if they are greater than he could have foreseen because the plaintiff is particularly susceptible to injury.  Thus, a vessel owner whose actions exacerbate or aggravate a pre-existing asymptomatic condition is nonetheless liable for all of the plaintiff's resulting losses.  See Tabor v. Miller and Stearns, 389 F.2d 645 (3d Cir.), cert. denied, 391 U.S. 915 (1968).

86.     There is evidence in this case that plaintiff had a pre-existing injury or condition which existed prior to the accident at issue.  The shipowner is only liable for damages you find to be caused by the occurrence of April 5, 2001.  If you find that plaintiff's pre-existing condition made him more susceptible to injury than a person in good health, the defendant is responsible for all injuries suffered by the plaintiff as a result of the defendant's negligence, even if those injuries are greater than would have been suffered by a person in good health under the same circumstances. If you find that defendant negligently caused further injury or aggravation to plaintiff's pre-existing condition, plaintiff is entitled to compensation for all of plaintiff's damages caused by the incident, including that further injury or aggravation. If you cannot separate the pain or disability caused by the pre-existing condition from that caused by the occurrence of  April 5, 2001, then the defendant is liable for all of plaintiff's injuries.    See Stevens v. Bangor & Aroostook R.R., 97 F.3d 594 (1st Cir. 1996).

87.     Therefore, if you cannot separate the pain or disability caused by a pre-existing condition from that caused by defendant's negligent exacerbation or aggravation of it, you must hold the vessel owner liable for all of plaintiff's injuries.  <u>See</u> <u>Stevens v. Bangor & Aroostook R.R.</u>, 97 F.3d 594 (1st Cir. 1996).  Under these circumstances, the burden of apportioning plaintiff's damages is on the defendant.  <u>See</u> <u>Stevens</u>, <u>supra</u>.

88.     Under the Jones Act, therefore, you may hold the defendant liable for all of the natural consequences flowing from its negligence, including the possible prolongation of disability resulting from the aggravation or exacerbation of a pre-existing condition.  See United States Fidelity & Guaranty Co. v. United States, 152 F.2d 46 (2d Cir. 1945); Oliver v. Yellow Cab Co., 98 F.2d 192 (7th Cir. 1938); Pieczonka v. Pullman Co., 89 F.2d 353 (2d Cir. 1937); The Jefferson Myers, 45 F.2d 162 (2d Cir. 1930).

89.     There are two categories of lost earnings: past lost earnings, that is, from the date of injury to trial; and future lost earnings, that is, from the date of trial into the future.  Regarding past lost earnings, there has been evidence that the plaintiff has not worked since the date of his injury, and that his usual compensation between that time and now would have been $ _____.  L. Sand, et al., <u>Modern Federal Jury Instructions</u>, p. 90-5, Instruction 90-47 (1997).

90.     In considering lost (future) earnings, it is assumed that if the injured party had not been disabled, he would have continued to work and to receive wages for some period of time. The purpose of this element of damages is to compensate the worker for the loss of that income. To determine the award for this element, if any, you must determine how many additional years the plaintiff would have worked, as well as what his annual compensation would have been during each (future) year.  Regarding the number of years which the plaintiff would have worked, you have heard testimony from plaintiff's expert and defendant's expert, and life expectancy and work-life expectancy tables have been admitted into evidence. It is for you to determine based on all of this evidence, how many additional years the plaintiff would have worked.

(Alternative: Regarding the number of years which the plaintiff would have continued to work, the parties have stipulated, and I charge you that plaintiff's work-life expectancy was _____ years.)

L. Sand, et al., Modern Federal Jury Instructions, p. 90-5, Instruction 90-48 (1997).

91.     This means that a plaintiff need not, as a prerequisite to recovery, prove that in the future he will earn less money than he would have but for his injury.  See Gorniak v. National R.R. Passenger Corp., 889 F.2d 481 (3d Cir. 1989).  Rather, a plaintiff must show only that his injury has caused a diminution in his ability to earn a living.  Gorniak, supra.  Such a diminution includes a decreased ability to compete in the job market, weather adverse economic circumstances such as a discharge or layoff, or voluntarily obtain other employment.  See Gorniak, supra.  See also Moore v. Chesapeake & Ohio R.R., 649 F.2d 1004 (4th Cir. 1981).

92.     Regarding the annual compensation which plaintiff (or decedent) would have received in each (future) year, you must address several items, based on the evidence presented at this trial: First, you must determine the amount of wages that would have been received in each year. Since the award, if any, is not subject to taxes, this amount should be an after-tax amount.  In determining the amount of such wages, you may start with the worker's annual wage at the time of injury. You then may consider the evidence presented and determine the extent to which the plaintiff would have received raises due to years of service, merit, promotions, or general increases in the wages of workers. (You may not consider raises which might have resulted from price inflation during those years, either through cost-of-living increases or otherwise.)  Second, you may also consider fringe benefits, including insurance coverage, pension and retirement plans as compensation in each year. Finally, you should deduct from this annual amount unreimbursed expenses which would have been incurred in earning the future income. Such expenses might include transportation to work, uniforms and other such items.  You should calculate an amount of compensation for each future year during which the plaintiff (or decedent) would have worked.  L. Sand, et al., Modern Federal Jury Instructions, p. 90-5, Instruction 90-49 (1997).

93.    Once you have determined the lost annual compensation, if any, for each (future) year, totaling those annual figures would give you the approximate amount of lost (future) wages. However, it is self evident that a given sum of money in hand now is worth more than a like sum of money payable in the future in installments and over an extended period. A given sum of money now in hand may be invested and earn interest. Thus, if you make an award for lost future earnings, you must reduce each annual installment to its present value. This process is referred to as "discounting to present value."  L. Sand, et al., <u>Modern Federal Jury Instructions</u>, p. 90-5, Instruction 90-51 (1997).

94.     In discounting the amount of lost future wages, if any, to present value, you should use one of the methods which I am about to describe to determine what discount rate to apply. You have heard testimony concerning two different methods of determining the appropriate discount rate: the "total offset method" and the "real interest rate" method.  First, you must determine, based on the evidence at this trial, which method of discounting best reflects the pattern in plaintiff's line of work. I will review how each of these methods works:  In the "total offset method," it is assumed that, while it is true that a given sum of money in hand today will earn interest, it is also assumed that general inflation and other factors will completely offset that interest. Since I have already instructed you not to include wage increases due to general inflation in your computation of the amount of lost future wages, under this approach, you would not apply a discount rate.  In the "real interest rate" approach, it is assumed that the interest rate which could be earned on a given sum of money is partially offset by increases in wages due to general inflation, with the remaining interest rate representing the "real" rate of interest. Since I have already instructed you not to include wage increases due to general inflation, under this approach, you would apply a discount rate equal to the "real interest rate." I charge you that, if you use this method, a discount rate between one and three percent would be reasonable.  Once you have determined the appropriate discount rate, if any, you should apply it to the lost annual income for each year separately. The sum of all the annual figures, after discounting, equals the award for lost wages.  L. Sand, et al., <u>Modern Federal Jury Instructions</u>, p. 90-5, Instruction 90-52 (1997).

95.     If you make any award of damages, such award is not subject to federal income taxes and you should not consider such taxes in determining the amount of damages, if any.  L. Sand, et al., <u>Modern Federal Jury Instructions</u>, p. 90-5, Instruction 90-53 (1997).

96.     Where permanent injuries are involved, the compensation for plaintiff's impairment of earning capacity must consider his whole life span.  See Wiles v. New York, Chicago & St. Louis R.R., 283 F.2d 328 (3d Cir.), cert. denied, 364 U.S. 900 (1960).  The test is whether the plaintiff's earnings horizon has been shortened due to the injury.  See Wiles, supra.

97.     Under the Jones Act, the burden falls on the vessel owner to prove that the plaintiff failed to make reasonable efforts to mitigate his damages.  See Fashauer v. New Jersey Transit Rail Operations, Inc., 57 F.3d 1269 (3d Cir. 1995); Jones v. Consolidated Rail Corp., 800 F.2d 590 (6th Cir. 1986).

98.     If you find that plaintiff is presently unable to resume any form of employment, you may not find that he failed to mitigate his damages.  See Amos v. Norfolk & Western Ry., 191 Ill.App.3d 637, 548 N.E.2d 96 (1989), appeal denied, 131 Ill.2d 557, 553 N.E.2d 393 (1990).  See also Byrd v. Burlington Northern R.R., 939 S.W.2d 416 (Mo.App. 1996), cert. denied, 522 U.S. 822 (1997).

99.    A vessel owner does not establish that a plaintiff failed to mitigate his damages simply because it offered him a job.  See DeBiasio v. Illinois Central R.R., 52 F.3d 678 (7th Cir. 1995), cert. denied, 516 U.S. 1157 (1996); Schneider v. National R.R. Passenger Corp., 987 F.2d 132 (2d Cir. 1993); Byrd v. Burlington Northern R.R., 939 S.W.2d 416 (Mo.App. 1996), cert. denied, 522 U.S. 822 (1997); Southern Pacific Transportation Co. v. Fitzgerald, 94 Nev. 241, 577 P.2d 1234 (1978).  Where the offer of employment is not bona fide or the job is one that the plaintiff is neither physically capable nor qualified to perform, he is under no obligation to accept it.  See Wilson v. Union Pacific R.R., 56 F.3d 1226 (10th Cir. 1995); Schneider, supra; Zimmerman v. Montour R.R., 191 F. Supp. 433 (W.D.Pa.), aff'd, 296 F.2d 97 (3d Cir. 1961), cert. denied, 369 U.S. 828 (1962); Fitzgerald, supra; Kansas City Southern Ry. v. Chaffin, 658 S.W.2d 186 (Tex.App. 1983), cert. denied, 469 U.S. 854 (1984).  Nor is he obligated to accept a position which would cost him his seniority or would require that he relocate or travel long distances to and from work.  See Byrd, supra' Templeton v. Chicago & North Western Transportation Co., 257 Ill.App.3d 42, 628 N.E.2d 442 (1993).

100.    Under all of the law and the evidence, the defendant has failed to establish the affirmative defense of failure to mitigate damages.

101.    You must, therefore, award the plaintiff a fair and reasonable sum as in your best judgment will compensate him for all of the pain and suffering which he has endured in the past and which he will endure in the future.  In arriving at such sum, you may take into consideration the bodily deformity, disfigurement, embarrassment, humiliation, inconvenience, and loss of life's pleasures that he suffers as a result of his injuries.  There is no yardstick to measure the monetary value of such pain and suffering.  You must use your common experience and good judgment in arriving at an amount which will reasonably compensate the plaintiff for such pain and suffering, bodily deformity, disfigurement, embarrassment, humiliation, inconvenience, and loss of life's pleasures that he has and will continue to suffer over the course of his lifetime.

102.    The award of damages for past and future pain and suffering is a very real part of your verdict.  If you find that plaintiff has and will continue to undergo suffering and you do not award a monetary sum for these damages, your verdict would be less than adequate because it would omit an item which the law says is properly recoverable.  If you were to award him his loss of earnings and his future loss of earnings and award him nothing for pain and suffering, your verdict would similarly not be a proper one.  <u>See</u> <u>Jones v. American Export Isbrandtsen Lines, Inc.</u>, C.A. #41490, Charge of the Court, Honorable Joseph S. Lord, III, March 4, 1970, N.T. 314-315.


BARISH◆ROSENTHAL


BY:  /s/ Samuel J. Rosenthal
    SAMUEL J. ROSENTHAL, ESQUIRE
    ATTORNEY FOR PLAINTIFF