# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

```
*****************************)
STEVEN RAMSEY,              )
              Plaintiff    )
                           )            Civil Action No.:
v.                         )            04-CV-10699-RCL
                           )
JAY CASHMAN, INC.          )
              Defendant    )
****************************
```

## DEFENDANT'S PRELIMINARY REQUEST FOR JURY INSTRUCTIONS

Pursuant to Rule 51(b) of the Federal Rules of Civil Procedure, the defendant, Jay

Cashman, Inc. ("hereinafter "Cashman"), respectfully moves that the jury in the above-captioned

case be instructed in accordance with the attached requested jury instructions in addition to the

standard instructions made by the court in cases of this type.

By its attorneys,

_____/s/ Robert J. Murphy_____
Robert J. Murphy, BBO# 557659
HOLBROOK & MURPHY
238-240 Lewis Wharf
Boston, MA 02110
(617) 428-1151

Dated: May 23, 2007

DEFENDANT'S JURY REQUEST NO. 1

(Sympathy No Part of Deliberations)

Sympathy and emotion should play no part in your deliberations. You may not decide this case on the basis of the fact that you may feel sorry for the plaintiff or that you feel badly because he may have suffered an injury. Rather, your deliberations should be well-reasoned, impartial, and unemotional. You must decide this case by applying the principles of law, which the court defines for you, to the facts of this particular case, as you objectively find them to be.

3 Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions, §71.02 at 18 (1987).

DEFENDANT'S JURY REQUEST NO. 2

(Equality Under the Law)

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. A corporation such as Cashman should be given the same fair and equal treatment as you would give to any individual. All persons, including corporations and other organizations, stand equal before the law, and are to be dealt with as equals in a court of justice.

3 Devitt, Blackmar and Wolff, <u>Federal Jury Practice and Instructions,</u> §71.04 at 21 (1987).

DEFENDANT'S JURY REQUEST NO. 3

(Accident Alone Creates No Inference of Negligence)

The mere fact that an accident happened, standing alone, does not permit the jury to draw

the inference that the accident was caused by anyone' negligence.

*A. Shapiro Realty Corp. v. Burgess Brothers, Inc.*, 491 F.2d 327 (1st Cir. 1974);

*Walther v. Omaha Public Power Dist.*, 412 F.2d 1164, 1170 (8th Cir. 1969);

3 Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions, §80.07 at 142 (4th
ed. 1987).

<u>DEFENDANT'S JURY REQUEST NO. 4</u>

(Proof of Negligence Required Under Jones Act)

Under the Jones Act, the Plaintiff has the burden to establish by a preponderance of the evidence that Cashman acted "negligently" and that the negligent act(s) caused his injury. Proof of negligence is essential to recovery under the Jones Act. Negligence is the failure to act as an ordinarily prudent person would under like circumstances. If you find that Cashman acted with the ordinary prudence of a maritime employer, you will find that it did not act negligently and you will deny Plaintiff's Jones Act claim.

*Ribitzki v. Canmar Reading & Bates, Ltd. Partnership*, 111 F.3d 658, 662 (9th Cir. 1997);

*Gautreaux v. Scurlock Marine, Inc.*, 107 F.3d 331, 338 (5th Cir. 1997);

*Joyce v. Atlantic Richfield Co.*, 651 F.2d 676, 681 (10th Cir. 1981).

DEFENDANT'S JURY REQUEST NO. 5

(No Duty to Provide Accident-Proof Workplace)

The Jones Act does not require Cashman to provide the Plaintiff with an accident-proof place of work. The Plaintiff must prove by a preponderance of evidence that Cashman did not provide him with a reasonably safe place to work. If you find that the Plaintiff has not met this burden of proof, then you must find in favor of Cashman.

*Campos v. Marine Transport Lines, Inc.*, 780 F.2d 165, 165-166 (1st Cir. 1986);

*Alrayashi v. Rouge Steel Co.*, 702 F. Supp. 1334, 1337 (E.D. Mich. 1989).

DEFENDANT'S JURY REQUEST NO. 6

To be considered a seaman, a maritime worker seeking Jones Act seaman status must also prove that his duties contributed to the vessel's function or mission, and that his connection to the vessel was substantial both in nature and duration.

*Chandris, Inc., et al. v. Latsis*, 515 U. S. 347 (1995);

*McDermott International, Inc. v. Wilander*, 498 U.S. 337 (1991).

The key to seaman status is employment-related connection to a vessel in navigation.  A necessary element of the connection is that a seaman perform the work of a vessel.   There is implied a definite and permanent connection with the vessel, an obligation to forward her enterprise"

*McDermott International, Inc. v. Wilander*, 498 U.S. 337 (1991).

DEFENDANT'S JURY REQUEST NO. 7

The Jones Act, however, does not define the term "seaman". Congress provided some content for the Jones Act requirement in 1927 when it enacted the Longshore and Harbor Workers' Compensation Act (LHWCA), which provides scheduled compensation (and the exclusive remedy) for injury to a broad range of land-based maritime workers but which also explicitly excludes from its coverage "a master or member of a crew of any vessel." 44 Stat. (part 2) 1424, as amended, 33 U. S. C. § 902(3)(G). As the Court has stated on several occasions, the Jones Act and the LHWCA are mutually exclusive compensation regimes: "'master or member of a crew' is a refinement of the term 'seaman' in the Jones Act; it excludes from LHWCA coverage those properly covered under the Jones Act." *Wilander,* 498 U. S., at 347. Indeed, "it is odd but true that the key requirement for Jones Act coverage now appears in another statute." *Ibid.*

As a marine construction worker, required to work upon navigable waters, and injured while performing his duties on navigable waters, there can be no doubt that Mr. Ramsey would have been covered under the Longshore and Harbor Workers' Compensation Act, (LHWCA) 33 U.S.C. 901, et seq. Director, OWCP v. Perini North River Assoc., 459 U.S. 297 (1983).

Thus, if you find that the plaintiff would have been entitled to benefits under the LHWCA, you must find that the plaintiff is not a seaman for purposes of the Jones Act and the general maritime law. Id.

*Chandris, Inc., et al. v. Latsis*, 515 U. S. 347 (1995);

*McDermott International, Inc. v. Wilander*, 498 U.S. 337 (1991).

DEFENDANT'S JURY REQUEST NO. 8

(Standard of Care Owed a Seaman)

The Jones Act requires a shipowner to provide a seaman with a safe place to work and equipment that is "<u>reasonably fit</u> for safe performance of task at hand." This standard of safety and reasonable fitness is necessarily flexible. An employer must have notice and opportunity to correct an unsafe condition before liability attaches.

*Saleh v. US*, 849 F.Supp. 886 (S.D.N.Y. 1994);

*Colburn v. Bunge Towing, Inc.*, 883 F.2d 372, 374 (5th Cir. 1989).

<u>DEFENDANT'S JURY REQUEST NO. 9</u>

     Defendant's duty was to use reasonable care in providing a reasonably safe vessel and crew.  The defendant is not a guarantor of the plaintiff's safety.

     *Tate v. A/B Svenska Amerika Line*, 331 F.Supp. 584, (E.D. La. 1970)

     Aff'd 435 F.2d 172 (5th Cir. 1970).

DEFENDANT'S JURY REQUEST NO. 10

(Best Equipment or Method Not Required)

Under the Jones Act, Cashman's duty to the Plaintiff was not to supply the best and safest equipment but only to supply equipment which was reasonably safe and suitable. The fact that a better tool or better method might have been used by Cashman is not relevant; rather, the Plaintiff must prove by a preponderance of evidence that the equipment actually used by Cashman was unsafe or unsuitable.

*Doucette v. Vincent*, 194 F.2d 834, 837 (1st Cir. 1952);

*Rueberry v. United States*, 93 F. Supp. 683, 685 (D. Mass. 1950).

DEFENDANT'S JURY REQUEST NO. 11

When a seaman has tools or well-known methods readily available to him which could safely perform a task, he has a duty to use them.

*Robinson v. Zapata Corporation*, 664 F.2d 45, 49 (5th Cir. 1981).

DEFENDANT'S JURY REQUEST NO. 12

(Plaintiff's Duty to Exercise Reasonable Care)

Under the Jones Act, a seaman has a duty to use reasonable care for his own safety. This involves use of his own experience, training or education.

*Gautreaux v. Scurlock Marine, Inc.*, 107 F.3d 331, 339 (5th Cir. 1997);

*Thezan v. Maritime Overseas Corp.*, 708 F.2d 175, 181 (5th Cir. 1983);

*Savoie v. Otto Candies, Inc.*, 692 F.2d 363, 371 (5th Cir. 1982);

*Santos v. Scindia Steam Navig Co.*, 598 F.2d 480, 485 (9th Cir. 1977).

DEFENDANT'S JURY REQUEST NO. 13

(Causation - Jones Act)

In order to recover against Cashman on the Jones Act claim, the Plaintiff must show that Cashman's conduct was a cause in fact in bringing about the injuries he claims. To do this, the Plaintiff must prove that the conduct of Cashman was an actual cause in bringing about his harm.

If the harm to the Plaintiff would have been sustained regardless of any conduct by Cashman, then Cashman cannot be said to have been a cause in the harm.

*Peyman v. Perini Corp.*, 507 F.2d 1318, 1324 (1st Cir. 1974), cert. denied, 421 U.S. 914 (1975);

*Chisholm v. Sabine Towing & Transp. Co., Inc.*, 679 F.2d 60, 63 (5th Cir. 1982);

*Martinea v. Sea Land Service*, 589 F. Supp. 841, 843 (D. P.R. 1984).

DEFENDANT'S JURY REQUEST NO. 14

(Unseaworthiness)

The burden is upon the plaintiff to prove that a particular method of operating was unsafe. It is not enough for the Plaintiff to prove that a safer method existed.

*Rogers v. Off Shore Drilling Services*, 764 F.2d 300 (5th Cir.1985).

DEFENDANT'S JURY REQUEST NO. 15

The burden is on the plaintiff to prove his case for negligence by a fair preponderance of credible testimony and if the evidence is equally divided, the plaintiff has not sustained his burden and your verdict must be for the defendant on the cause of action for negligence.  The plaintiff must directly or by just inference prove some want of care of master or crew of the vessel to which injury may be traced.  It is not enough for plaintiff to prove that negligence may have caused the accident.

*McMillan v. Marine Sulphur*, 607 F.2d 1034 (2nd Cir. 1979).

DEFENDANT'S JURY REQUEST NO. 16

The nature of the business and the particular dangers involved determine the amount of care required in any particular case, whether on land or on sea. Failure to use the care that a reasonable and prudent man would use under like circumstances is the usual concept of negligence. That is the recognized standard of care required under the Jones Act. Unless you find that the defendant failed to perform its duties in the circumstances which were know to it as a reasonable and prudent owner and operator and unless you further find that the defendant's failure to so conduct himself was a case of the injuries alleged, then you will find for the defendant.

*Roberts v. United Fisheries Vessels Co.*, 141 F.2d 288 (1st Cir. 1944).

DEFENDANT'S JURY REQUEST NO. 17

The defendant's only duty to the plaintiff was that of reasonable care under the circumstances and central to those circumstances was the defendant's right to rely upon the exercise by the plaintiff of the care and skill of a reasonably competent and experienced able-bodied seaman. The defendant was not an insurer of the plaintiff's safety and the defendant further was entitled to rely upon the exercise by the plaintiff of his knowledge and skill as an experienced able-bodied seaman in the handling of routine tasks such as working on deck.

*Tate v. A/B Svenska Amerika Line*, 33 F.S. 854, 435 F.2d 172 (5th Cir. 1970).

DEFENDANT'S JURY REQUEST NO. 18

      In order to recover for unseaworthiness the plaintiff must also show that the unseaworthy condition caused his injury. The standard of causation for unseaworthiness is more strict than for a Jones Act claim of negligence. Causation in unseaworthiness is more strict than for a Jones Act claim of negligence. Causation in unseaworthiness requires a showing of "proximate cause in the traditional sense." Proximate cause means that (1) the unseaworthiness played a substantial part in bringing about or actually causing the injury and that (2) the injury was either a direct result or a reasonably probable consequence of the unseaworthiness.

      *Comeaux v. T.L. James & Co., Inc.*, 702 F.2d 1023, 1984 AMC 2805 (5th Cir. 1983);

      *Alverez v. J. Ray McDermott & Co., Inc.*, 674 F.2d 1037, 1042-43, 1984 AMC 302 (5th Cir. 1982);

      Schoenbaum, <u>Admirality and Maritime Law,</u> Ch. 4, § 4-25 at 278 (2nd ed. 1994).

DEFENDANT'S JURY REQUEST NO. 19

(Unseaworthiness - Standard of Care)

"[T]he mere fact that a seaman is injured in an accident on the vessel is not sufficient, in and of itself, to establish unseaworthiness and consequent liability. The owner does not have to provide an accident-free vessel. It has a duty only to furnish a vessel and appurtenances reasonably fit for their intended use."

*Thorton v. Deep Sea Boats, Inc.*, 399 F.Supp. 933, 936 (S.D. Al. 1975);

*Jordan v. United States Line, Inc.*, 738 F.2d 48 (1st Cir.1984);

*Hubbard v. Faros Fisheries, Inc.*, 626 F.2d 196, 199 (1st Cir.1980).

If you find that the condition was reasonably fit for its intended use, you must find for the defendant.

*Jordan v. United States Line, Inc.*, 738 F.2d 48 (1st Cir.1984).

DEFENDANT'S JURY REQUEST NO. 20

Nevertheless, if the injury results from the seaman's negligent use of an otherwise seaworthy vessel or his negligence is the sole cause of his injury, he will be barred from recovery.

*Boudreaux v. Sea Drilling Corp.*, 427 F.2d 1160 (5th Cir.1970);

*Peymann v. Perini Corp.*, 507 F.2d 1318 (1st Cir.1974);

Schoenbaum, Admirality and Maritime Law, Ch. 4, § 4-25 at 279 (2nd ed. 1994).

DEFENDANT'S JURY REQUEST NO. 21

(Sole Negligence of Plaintiff)

If you find that the Plaintiff's accident was caused solely by his own negligence, then you must find in favor of Cashman on all counts.

*Campos v. Marine Transport Lines, Inc.,* 780 F.2d 165, 165-166 (1st Cir. 1986);

*In Re Cooper T. Smith*, 929 F.2d 1073, 1077-1078 (5th Cir. 1991).

DEFENDANT'S JURY REQUEST NO. 22

For the plaintiff to establish his cause of action for negligence the plaintiff must establish that the defendant's negligence was the direct and proximate cause of the plaintiff's alleged injuries. "Proximate cause" is not "approximate cause". It is not enough if there is some remote or indirect cause and effect relation between the alleged negligence and the described injuries. Unless the caused connection is **_direct_**, then you must find for the defendant.

*Peymann v. Perini Corp.*, 507 F.2d 1318, 1975 AMC 1698 (1st Cir. 1974).

DEFENDANT'S JURY REQUEST NO. 23

(Comparative/Contributory Negligence, Factors)

"Contributory negligence is conduct which involves an undue risk of harm to the actor himself.... The plaintiff is required to conform [his conduct to] ... that of the reasonable person of ordinary prudence under like circumstances. The unreasonableness of the risks which he incurs is judged by [a] ... process of weighing the importance of the interest he is seeking to advance, and the burden of taking precautions against the probability and probable gravity of the anticipated harm against himself."

Prosser and Keeton, Torts §65 at 453-454 (5th ed. 1984).

DEFENDANT'S JURY REQUEST NO. 24

(Contributory Negligence)

A seaman is obligated under the Jones Act to act with ordinary prudence under the circumstances. The circumstances of a seaman's employment include not only his reliance on his employer to provide a safe work environment, but also his own experience, training and education In other words, under the Jones Act a seaman has the duty to exercise that degree of care for his own safety that a reasonable seaman would exercise in like circumstances.[1]

*Gautreaux v. Scurlook Marine, Inc.*, 107 F.3d 331 (5th Cir. 1997) (en banc);

3A O'Malley Grenig Lee, <u>Federal Jury Practice and Instructions,</u> § 156.20 at 464 (5th ed. 2001).

DEFENDANT'S JURY REQUEST NO. 25

(Effect of a Violation of Law)

If you find from a preponderance of the evidence in the case that Cashman, by some act or failure to act, violated the provisions of a regulation, such conduct in violation of the law is presumed negligent. This presumption of negligence is not conclusive, but may be overcome or outweighed by evidence in the case satisfying your minds that, notwithstanding any failure to comply with the provisions of law in question, Cashman acted as a reasonably prudent business would have acted under all the surrounding circumstances shown by the evidence in the case.

A finding of negligence based upon a violation of law will not justify a verdict in favor of the plaintiff unless the violation of law was a proximate cause of an injury or damage found by you to have been suffered by the plaintiff.

*Jones v. Otis Elevator Co.*, 861 F.2d 655, 661 n.10 (11th Cir.1988);

3 O'Malley Grenig Lee, <u>Federal Jury Practice and Instructions,</u> § 120.41 at 261 (5th ed. 2000).

26

DEFENDANT'S JURY REQUEST NO. 26

(Speculation Impermissible)

Any damages for which the Plaintiff seeks recovery in this action must be proven and not left to guess work or speculation.

*Rouse v. Chicago, Rock Island & Pacific R. Co.*, 474 F.2d 1180 (8th Cir. 1973);

3 Devitt, Blackmar and Wolff, <u>Federal Jury Practice and Instructions,</u> §85.14 at 338 (4th ed. 1987).

DEFENDANT'S JURY REQUEST NO. 27

You are instructed that any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages -- that is, to take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage.

So, if you should find from a preponderance of the evidence that the Plaintiff failed to seek out or take advantage of a business or employment opportunity that was reasonably available under all the circumstances shown by the evidence, then you should reduce the amount of the Plaintiff's damages by the amount that could have been reasonably realized if the Plaintiff had taken advantage of such opportunity.

3A O'Malley Grenig Lee, Federal Jury Practice and Instructions, § 156.20 at 438 (5th ed. 2001).

DEFENDANT'S JURY REQUEST NO. 28

(Breach of Primary Duty)

It is Cashman's position that if plaintiff's accident occurred in the manner alleged by the plaintiff that plaintiff's injury was solely caused by the plaintiff's failure to perform a duty that the plaintiff had consciously assumed as a term of plaintiff's employment.

Cashman must establish each of the following elements of its defense by a preponderance of the evidence:

First: Plaintiff's injury was caused by plaintiff's failure to perform a duty that the plaintiff had consciously assumed as a term of plaintiff's employment (in other words, it was one of plaintiff's primary duties as a member of the crew to protect against the existence of the unsafe condition that cause the accident);

Second: The plaintiff was injured by a dangerous condition that plaintiff either created or that plaintiff knew existed and, in the proper exercise of plaintiff's employment duties, should have controlled or protected against; and

Third: Plaintiff's injury was caused by plaintiff's knowing failure to carry out plaintiff's responsibilities to protect against that unsafe condition (in other words, the plaintiff must have known of the dangerous condition and failed to act to correct it after having a reasonable opportunity to do so, and that the accident was not caused simply by a momentary lapse of attention for plaintiff's own safety).

3A O'Malley Grenig Lee, Federal Jury Practice and Instructions, § 156.52 at 467 (5th ed. 2001).

29

DEFENDANT'S JURY REQUEST NO. 29

The defendant is not liable merely because a seaman has been injured. The defendant is liable only if he has been negligent. If a seaman, without fault on the part of anyone else, is injured as a result of the normal hazards or risks of the business in which he is engaged, he is not entitled to recover damages from the defendant.

*Rush v. Cargo Ships and Tankers*, 360 F.2d 766 (2nd Cir. 1966);

*Massey v. William-McWilliams*, 414 F.2d 675 (5th Cir. 1969);

*Bilger v. Maritime Overseas Corp.*, 304 F.Supp. 1024 (N.D. Cal. 1969).

DEFENDANT'S JURY REQUEST NO. 30

(Operational Negligence)

Cashman claims that plaintiff's injuries were not due to unseaworthiness but were caused by operational negligence. "Operational negligence" occurs when, during the course of operation of a seaworthy vessel with appliances that are reasonably fit for their intended use or purpose on which normal operations are in process, the previously fit ship or appliance is rendered unsafe because of the acts of some person.

In other words, if the defect arose as a momentary step or phase in the progress of work aboard an otherwise seaworthy ship, and was an incident in the continuous course of operation, and the unseaworthy condition had not yet resulted, defendant is not liable.

3A O'Malley Grenig Lee, <u>Federal Jury Practice and Instructions,</u> § 156.120 at 508 (5th ed. 2001).

DEFENDANT'S JURY REQUEST NO. 31

Damages must be reasonable.  If you should find that the plaintiff is entitled to a verdict, you may award him only such damages as will reasonably compensate him for such injury and damages as you find, from a preponderance of the evidence in the case that he has sustained as a result of the accident.

You are not permitted to award speculative damages.  So, you are not to include in any verdict compensation for any prospective loss which, although possible, is not reasonably certain to occur in the future.

You are not to award damages for any injury or condition from which the plaintiff may have suffered, or may now be suffering, unless it has been proven by a preponderance of the evidence in the case that the claimed accident on which this suit is based caused or contributed to that injury or condition.

The law recognizes that a negligent party, or one liable for seaworthiness, is liable for harm and damage caused by the aggravation of a pre-existing disease or condition of the person injured.  Another way of explaining this idea is to say that the defendant must take the plaintiff as he was, whether strong or weak, healthy or sickly, and a weakened person is entitled to recover for the harm to which the defendant's conduct contributes, even though the injured person would not have suffered so much had he been a stronger person before the injury.

Of course, if you find that the plaintiff had a pre-existing disease or condition, you are not to include in your damage finding an amount for harm that plaintiff has suffered or will suffer solely because of that condition.

Also, if you find that a pre-existing condition was bound to worsen by its very nature, you are not to award damages for worsening that you find was bound to occur even if no injury were suffered.

*Evans v. S.J. Groves and Sons Co.*, 315 F.2d 335 (2nd Cir. 1963).

DEFENDANT'S JURY REQUEST NO. 32

In determining the amount of damages recoverable by the plaintiff, you should not assume that any damages are recoverable.  Damages must be proven by plaintiff by a preponderance of the evidence.  If you find that plaintiff has failed to prove by a preponderance of the evidence a particular element of damages, you may not make any award of damages for that type of loss. Similarly, if you find that plaintiff has failed to prove any damages, you may find that no damages are recoverable.

*DoCarmo v. F.V. Pilgrim I Corp.*, 612 F.2d 11 (1st Cir. 1979).

DEFENDANT'S JURY REQUEST NO. 33

Any award to the plaintiff for his injury must be further reduced by a set-off against the compensation already paid.

*Jones and Laughlin Co. v. Pfeifer*, 462 U.S. 523 (1983).

DEFENDANT'S JURY REQUEST NO. 34

If you find that plaintiff is entitled to an award, you may award him only damages as well

reasonably compensate him for such injury.  Your award will not be subject to any income taxes

either state or federal and should not be considered in fixing the amount of the award.

*Norfolk and Western Railway v. Liepelt*, 444 U.S. 490 (1980)/

DEFENDANT'S JURY REQUEST NO. 35

In considering loss of future earning power, if any, the award shall include only such reasonable compensation which you find from the evidence the plaintiff was reasonably certain to suffer in the future. In determining this amount, you should consider what plaintiff's health, physical ability, and earning power were before the accident, and what they are now; the nature and extent of his injuries caused by the accident, whether or not they are reasonably certain to be permanent as a result of the accident, or if not permanent, the extent of their duration, all to the end of determining first, the effect if any, upon his future earnings power and second, the present value of any loss of future earning power, which you may find was a proximate result of the injury.

*Jones and Laughlin v. Pfeifer*, 462 U.S. 523 (1983).

DEFENDANT'S JURY REQUEST NO. 36

Inflation must not be considered in awarding future lost earnings.

*Jones and Laughlin Co. v. Pfeifer*, 462 U.S. 523 (1983).

DEFENDANT'S JURY REQUEST NO. 37

You are instructed that if you award interest and/or damages for pain and suffering, you shall not compute interest on any award you make for those elements.

*Petition of City of New York*, 332 F.2d 1006 (2nd Cir. 1964).

DEFENDANT'S JURY REQUEST NO. 38

An award for future lost earnings must be discounted to present value.

*Jones and Laughlin Co. v. Pfeifer*, 462 U.S. 523 (1983).

DEFENDANT'S JURY REQUEST NO. 39

You are instructed that you are not to consider the amount of Mr. Ramsey's medical bills as they have previously been paid pursuant to maritime law.

DEFENDANT'S JURY REQUEST NO. 40

     Maintenance and cure is the policy of providing to a seaman, who is disabled by injury or illness while in the service of the ship, medical care and treatment, and the means of maintaining himself, during the period of his convalescence.

     A seaman is entitled to maintenance and cure even if he is unable to establish that he was injured as a result of any negligence on the part of his employer or an unseaworthy condition existing aboard the vessel.  Generally speaking, in order to recover maintenance and cure, the plaintiff must show that he suffered injury or illness while in the service of the vessel on which he was employed as a seaman, without willful misbehavior on his part.  The injury or illness need not be work-related so long as it occurs while in the service of the ship.

     The "cure" to which a seaman may be entitled includes the cost of medical attention, including the services of physicians and nurses as well as the cost of hospitalization, medicines and medical apparatus.  However, the employer does not have a duty to provide cure for any period of time in which a seaman is hospitalized as an inpatient in any hospital.

     "Maintenance" is defined as the cost of food and lodging, and transportation to and from a medical facility.  However, a seaman is not entitled to maintenance for the period of time that he is an inpatient in any hospital because the cure provided through hospitalization includes the food and lodging of the seaman and, therefore, the maintenance obligation of the employer is discharged.

     With regard to the period of time covered by the claim, a seaman is entitled to receive maintenance and cure from the date he leaves the vessel until he reached the point of "maximum possible cure" under the circumstances, that is, the point at which no further improvement in the seaman's medical condition is to be reasonably expected.  The obligation usually ends when qualified medical opinion is to the effect that maximum possible cure has been effected.

     *Macedo v. F/V Paul & Michelle*, 868 F.2d 519 (1st Cir. 1989).

DEFENDANT'S JURY REQUEST NO. 41

      Unless you find that the plaintiff was injured while in the service of the vessel, you will deny any award for payment of maintenance and cure.

      *Miller v. Lykes Bros. – Ripley S.S. Co.*, 98 F.2d 185, 1938 AMC 1228 (5th Cir. 1938).

DEFENDANT'S JURY REQUEST NO. 42

Maximum cure terminates the obligation to pay maintenance.  Maximum cure is reached when the seaman's condition will not further improve with additional treatment.

*Vella v. Ford Motor Co.*, U.S. 1, 1975 AMC 563 (1975).

**CERTIFICATE OF SERVICE**

This is to certify that on May 23, 2007, Defendant's Preliminary Request for Jury Instructions was electronically filed with the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ Robert J. Murphy
BBO# 557659
HOLBROOK & MURPHY
238 Lewis Wharf
Boston, MA  02110
617-428-1151
holbrook_murphy@msn.com