**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

```
********************************)
STEVEN RAMSEY,                 )
              Plaintiff        )
                               )          Civil Action No.:
v.                             )          04-CV-10699-RCL
                               )
JAY CASHMAN, INC.              )
              Defendant        )
******************************
```

**DEFENDANT'S MOTION IN LIMINE WITH INCORPORATED MEMORANDUM OF
LAW TO EXCLUDE PROPOSED EXHIBIT OF THE EARNING RECORDS OF ANY
INDIVIDUALS OTHER THAN THE PLAINTIFF**

NOW COMES the defendant, Jay Cashman, Inc., in the above captioned matter, by and through its undersigned attorneys, Holbrook & Murphy, and respectfully submits this motion in limine to exclude the earning records of any individuals other than the plaintiff, specifically, the earning records of the plaintiff's brother-in-law Richard Knowlton. The defendant moves to exclude the earning records either as an exhibit or as elicited through the testimony of Mr. Knowlton during trial.

It is anticipated that Mr. Knowlton will testify that as a result of the plaintiff's alleged injury, the plaintiff lost future wages. Mr. Knowlton will provide testimony and documentation showing his own earnings after the plaintiff's alleged injury. The plaintiff's proposed use of his brother-in-law's earning records is misplaced and insufficient in calculating the plaintiff's lost earnings. The differences in the type of work and medical histories of the plaintiff and Mr. Knowlton are not appropriately comparable.

The defendant further relies upon the facts and opinions set out below in its supporting memorandum.

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO
EXCLUDE EARNING RECORDS OF ANY INDIVIDUAL OTHER THAN PLAINTIFF**

### I.  Proposed Testimony and Exhibits

The plaintiff has indicated that he intends on calling his brother-in-law, Richard
Knowlton to testify in the plaintiff's case in chief.  It is anticipated that Mr. Knowlton will be
testifying in regards to the plaintiff's lost earnings due to his alleged injury.  Mr. Knowlton was
working on the same jobsite as the plaintiff on the date of his injury.  However, Mr. Knowlton
was working as a crane operator, a job not done by the plaintiff.  The plaintiff has also indicated
that he will be submitting the earning records of Mr. Knowlton from September 2002 to April
2003 into evidence to substantiate the figure of the plaintiff's lost earnings.

### II. Legal Analysis

The witness' proposed testimony regarding future earnings is grounded on inadmissible
speculation and conjecture, and is irrelevant as it is not based on available data specific to the
plaintiff.  In the seminal case of <u>Millis v. Electric Auto-Lite Co.</u>, 396 U.S. 375, 388-89, 90 S.Ct.
616 (1970), the United States Supreme Court held that damages are recoverable only to the
extent that they can be proved.  Damages must be proven to a reasonably degree of certainty, and
as such, evidence based upon speculation or conjecture is insufficient to support an award of
damages.  See <u>Restatement Second, Torts §912</u>.  This rule of law has been applied to claims for
loss of future earnings.  See <u>Earl v. Bouchard Transportation Co., Inc.</u>, 735 F.Supp. 1167
(E.D.N.Y. 1990).

Clearly the entry of Mr. Knowlton's earning records from the period of September 2002
to April 2003 as applicable to the future earnings of the plaintiff are shrouded in speculation and
conjecture.  Mr. Knowlton and the plaintiff had completely different job duties.  The plaintiff
was the "mate engineer" and Richard Knowlton was the "crane operator".  (Plaintiff's

Deposition, pg. 55, ¶¶9-12; p. 132, ¶¶15-18). It is unlikely, and in the very least speculative, that the plaintiff and Mr. Knowlton would have shared future jobs and wages. The plaintiff had a history of medical problems, specifically back problems, which Mr. Knowlton unlikely shared. No reasonable degree of certainty as to the plaintiff's lost future wages is supported by entry of Mr. Knowlton's earning records or testimony into evidence. As such, any testimony or exhibits regarding Mr. Knowlton's earning records should be inadmissible as a basis for determining the plaintiff's lost future wages.

In Earl v. Bouchard Transportation Co., Inc., supra, the court noted that the plaintiff's past earnings were the appropriate method to be utilized in calculating the plaintiff's future lost earnings. The court stated that: "[p]ast earnings-in the absence of unusual proven circumstances-serve as a dependable and adequate guide to future loss." Id. at 1176. Sufficient evidence of the plaintiff's past earnings is available to make a determination of the plaintiff's potential lost future earnings. There are no "unusual proven circumstances" in this case which would necessitate the entry of testimony or wage records of anyone other than the plaintiff's earning records to determine any award of future earnings. As such, the only reliable evidence upon which to base the plaintiff's claim for lost future earnings is the plaintiff's own track record, as reflected by his income tax returns and his personal past earning records. As such, the testimony on earnings or wage records of anyone other than the plaintiff should be excluded.

### III. Conclusion

Based on the foregoing, the defendant respectfully moves this Court in limine for an order excluding the testimony or evidence of the earnings of another individual, and specifically Mr. Knowlton, as a basis for calculating the plaintiff's alleged lost earnings.

Respectfully submitted,
JAY CASHMAN, INC.,

_____/s/ Robert J. Murphy_____
Robert J. Murphy, BBO# 557659
HOLBROOK & MURPHY
238-240 Lewis Wharf
Boston, MA  02110
617-428-1151
holbrook_murphy@msn.com

Certificate of Service

I hereby certify that on October 12, 2007, I electronically filed the Defendant's Motion In Limine With Incorporated Memorandum Of Law To Exclude Proposed Exhibit of the Earning Records of Any Individuals Other Than the Plaintiff with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

_____/s/ Robert J. Murphy_____
Robert J. Murphy, BBO# 557659
Holbrook & Murphy
238-240 Lewis Wharf
Boston, MA 02110
(617) 428-1151
holbrook_murphy@msn.com