UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
******************************)
STEVEN RAMSEY,                )
        Plaintiff             )
                              )      Civil Action No.:
v.                            )      04-CV-10699-RCL
                              )
JAY CASHMAN, INC.             )
        Defendant             )
******************************
```

### DEFENDANT'S MOTION IN LIMINE WITH INCORPORATED MEMORANDUM OF LAW TO EXCLUDE THE TESTIMONY OF THE PLAINTIFF'S DESIGNATED LIABILITY EXPERT

NOW COMES the defendant, Jay Cashman, Inc., in the above captioned matter, by and through its undersigned attorneys, Holbrook & Murphy, and respectfully moves this Honorable Court, in limine, to exclude the testimony of the plaintiff's liability expert, Arthur Sargent. In support of this motion, the defendant states the following:

This is a maritime personal injury case arising out of an incident which allegedly occurred during the plaintiff's operation of a skiff off of the Barnegat Inlet Light House on the coast of New Jersey on or about April 5, 2001. The plaintiff alleges that he was operating the skiff, the skiff's outboard motor stalled and he drifted in heavy current. The plaintiff abandoned the skiff and swam approximately 5-8 feet to the nearby dredge. The plaintiff alleges that as he attempted to climb onto the dredge, he was pinned by the skiff to the dredge's hull and fenders. At this point, the plaintiff's fellow workers pulled the plaintiff to safety aboard the dredge.

The plaintiff has retained Arthur C. Sargent as a liability expert in this case. Mr. Sargent is expected to opine that the skiff stalled due to electrical issues resulting from a prior submersion of the skiff in salt water approximately one month prior to the incident.

He is also expected to opine that the skiff was unseaworthy because the skiff was underpowered. The defendant moves to exclude Mr. Sargent as an expert witness on the grounds that he is not qualified by education, training, and/or experience as an expert on outboard motors, maintenance, repair and/or operation, and on the grounds that his opinions are unreliable under Daubert and Kumho.

Mr. Sargent's deposition and CV are attached as Exhibit A and B respectively. The defendant further relies upon the facts and law set out below in its supporting memorandum.

### DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO EXCLUDE TESTIMONY OF ARTHUR C. SARGENT

#### I. Lack of Qualifications

Prior to accepting an expert's opinion, the Court must first determine that the expert is qualified. Correa v. Cruisers, A Division of KCS International, Inc., 298 F.3d 13, 24 (1st Cir. 2002). The burden of proving the qualifications of the expert is on the party introducing the expert. Ralston v. Smith & Nephew Richards, Inc., 275 F.3d 965, 970 n.4 (10th Cir. 2001). A witness may be qualified as an expert under the Federal Rules of Evidence, Rule 702, if they possess the requisite "knowledge, skill, experience, training, or education." The Court "must compare the area in which the witness has superior knowledge, skill, or experience or education with the subject matter of the witness' testimony" when determining whether an expert is qualified to testify. Carroll v. Otis Elevator Corp., 896 F.2d 210, 212 (7th Cir. 1990).

According to his CV, Mr. Sargent is currently the president of Sargent & Herkes, Inc., a firm of Naval Architects and Marine Engineers. During Mr. Sargent's deposition, which took place on March 16, 2006, he describes himself as "basically a naval architect.

2

I'm a designer." (Deposition of Arthur Sargent, pg. 8, Lines 18-19, attached hereto as Exhibit A). Mr. Sargent's background is in the design of things such as "real engines" that run large ships. His background is not in the design of outboard motors such as the one on the skiff in this case. (Deposition of Arthur Sargent, pg. 91, Lines 11-14, attached hereto as Exhibit A). Mr. Sargent has not designed outboard motors during his work as a naval architect. (Deposition of Arthur Sargent, pg. 75, Lines 20-23, attached hereto as Exhibit A).

      Mr. Sargent typically testifies as an expert regarding collision cases in the capacity of naval architect based on maneuvering characteristics of vessels/personal watercraft. (Deposition of Arthur Sargent, pg. 90, Lines 10-16, attached hereto as Exhibit A). Upon being deposed, Mr. Sargent could not recall testifying in court or deposition as an expert regarding the operation of an outboard motor. (Deposition of Arthur Sargent, pg. 88, Lines 21-24; pg 90, Lines 7-9, attached hereto as Exhibit A). In fact, Mr. Sargent stated that the plaintiff's expert regarding the outboard motor operation is Mr. Ramsey himself as he has "done far more operation of an outboard than I [Mr. Sargent] have." (Deposition of Arthur Sargent, pg. 78, Lines 16-17, attached hereto as Exhibit A). Mr. Sargent is unaware of any requirements for operating a skiff in New Jersey. (Deposition of Arthur Sargent, pg. 99, Lines 1-4, attached hereto as Exhibit A).

      Mr. Sargent has not had any professional training regarding the maintenance and repair of outboard motors. (Deposition of Arthur Sargent, pg. 76, Lines 6-17, attached hereto as Exhibit A). He has not received training on outboard motors during prior cases or from reviewing any manufacturer's instructions. (Id.) Mr. Sargent has never given expert testimony on outboard maintenance acknowledging that he is more involved with

design than maintenance. (Deposition of Arthur Sargent, pg. 90, Lines 17-23; pg 91, Lines 16-19, attached hereto as Exhibit A). Further, he has never testified in deposition or court as to the repair of outboard motor. (Deposition of Arthur Sargent, pg. 92, Lines 2-5, attached hereto as Exhibit A).

The only experience Mr. Sargent has regarding maintenance and repair of outboard motors is from working on his own personal outboard motors. (Deposition of Arthur Sargent, pg. 75, Line 24; pg. 76, Lines 1-5, attached hereto as Exhibit A). Mr. Sargent has not repaired or maintained an outboard motor exceeding 20 horsepower in over 20 years. (Deposition of Arthur Sargent, pg. 93, Line 24; pg. 94, Lines 1-3, attached hereto as Exhibit A). The outboard motor at issue in this case is 40 horsepower.

Mr. Sargent has no qualifications which would allow him to be able to testify as to the 40 horsepower outboard motor, the motor's maintenance and repair, or the operation of the motor on the skiff at issue. Accordingly, given Mr. Sargent's lack of qualifications, the defendant respectfully requests that he should be excluded as an expert witness.

II. Lack of Sufficiency, Reliability and Foundation

Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 113 S.Ct. 2786 (1993) requires "the proponent of the evidence show that the expert's conclusion has been arrived at in a scientifically sound and methodologically reliable fashion." Ruiz-Troche v. Pepsi-Cola of P.R. Bottling Co., 161 F.3d 77, 85 (1st Cir. 1998). An expert's opinion must employ "the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." Kumho Tire Co. v. Carmichael, 526 U.S. 137, 152, 119 S.Ct. 1167, 1176 (1999). The Court must determine if the expert's "reasoning or

4

methodology underlying the testimony is scientifically valid and…whether that reasoning and methodology properly can be applied to the facts in issue." Daubert, 509 U.S. at 592-593, 113 S.Ct. at 2796.

Four factors were identified in Daubert to assist courts in determining whether an expert's testimony is admissible; testing, peer review, rate of error, and acceptance within the relevant discipline. United States v. Mooney, 315 F.3d 54, 62 (1st Cir. 2002).

> a) The Opinion of Mr. Sargent Regarding the Skiff Stalling Due to Electronical Problems Should Be Excluded Because It Is Not Sufficient, Reliable Or Has Foundation.

Mr. Sargent's opinions regarding the causation of the skiff's stalling a result of electrical issues from a prior sinking do not come close to passing the Daubert test. He performed no testing. He did not consult any treatises, professional documents, standards or regulations in arriving at his opinions. (Deposition of Arthur Sargent, pg. 23, Lines 2-5, attached hereto as Exhibit A).

Although Mr. Sargent was unable to inspect the outboard motor in question, he admitted in deposition that even if he had the opportunity to inspect the skiff's motor, he would have no idea if the electrical parts were bad because of its' submersion in salt water as a result of the April 5, 2001 incident. (Deposition of Arthur Sargent, pg. 38, Lines 16-24, attached hereto as Exhibit A). He further admitted that he would not have been able to differentiate between any prior damage from a sinking from the damage resulting from the sinking on the date of the incident. (Id.) As such, the rate of error of Mr. Sargent's opinion that due to the skiff's prior sinking, it was not properly repaired and caused the subsequent stalling out on the date of the incident is unreliable.

Mr. Sargent's opinions regarding electric problems as the causation of the stalling of the skiff are unreliable, insufficient and lack foundation. Mr. Sargent is unable to testify with reasonable certainty that the skiff stalled due to electrical problems. Mr. Sargent repeatedly indicated that he has no idea what happened in this case to cause the skiff to stall, restart and stall again, or how it would be indicative of an electric problem.

> Q[Attorney Murphy]: Now, what evidence, or what support do you have for the idea that any of those [electrical] issues caused the vessel to stall, caused the motor to stall?
> A[Mr. Sargent: They're all electrical parts. The voltage regulator—if the voltage drops for any reason or other, you don't get the voltage to the sparkplug, and it'll stall on you.
> Q: Do you know whether that happened in this case?
> A: I have no idea.
> (Deposition of Arthur Sargent, pg. 33, Lines 20-24; pg. 34, Lines 5-7, attached hereto as Exhibit A).
> \*          \*          \*
> Q[Attorney Murphy: Does that lead you to believe one way or the other that it's more likely or less likely that the problem was electrical?
> A[Mr. Sargent]: I don't know what to make of it, because I don't know what [the plaintiff] did.
> Q: Well, if something shorts out, would you be able to start it up again?
> A: Jiggle a wire, perhaps. I don't know what he did….I don't know what the problem is. I can't answer your question.
> (Deposition of Arthur Sargent, pg. 41, Lines 8-22, attached hereto as Exhibit A).
> \*          \*          \*
> Q[Attorney Murphy]: So…you don't know one way or the other whether there was an electronic problem that caused the skiff to stall?
> A[Mr. Sargent]: Electric or electronic, no.
> (Deposition of Arthur Sargent, pg. 46, Lines 10-13, attached hereto as Exhibit A).

As such, the expert opinions of Mr. Sargent regarding the existence of prior electrical problems in the outboard motor contributing to the stalling of the skiff should be inadmissible.

      b) <u>Mr. Sargent's Opinion That The Skiff Was Underpowered Should be Excluded Because It Is Not Sufficient, Reliable Or Has Foundation.</u>

Mr. Sargent's opinions regarding the unseaworthiness of the skiff due to its being underpowered do not come close to passing the <u>Daubert</u> test. Mr. Sargent did not consult any treatises, professional documents, standards or regulations in arriving at his opinions. (Deposition of Arthur Sargent, pg. 23, Lines 2-5, attached hereto as Exhibit A).

He performed no testing to determine whether the horsepower was appropriate for the conditions found at Barnegat Bay. Mr. Sargent did not personally inspect the scene and is not familiar with the area in which the accident occurred. He indicated during deposition that he attempted to find information regarding the tides in the area in question by utilizing the internet, but did not find any information. (Deposition of Arthur Sargent, pg. 24, Lines 12-18, attached hereto as Exhibit A). Mr. Sargent further admitted that the most successful approach to determining the tides and sea conditions in the area in question would be speaking to local fishermen and marina operators, which he did not do, and traveling to New Jersey, a trip he never made. (Deposition of Arthur Sargent, pg. 24, Lines 21-24; pg. 25, Line 1, attached hereto as Exhibit A).

Mr. Sargent has failed to establish any reliable basis for his opinions. Mr. Sargent intends to testify as an operational expert to the extent that he opines that the horsepower of the skiff was too little for a vessel of its size and under those current conditions. (Deposition of Arthur Sargent, pg. 78, Lines 19-24, attached hereto as Exhibit A). Mr. Sargent made calculations and resulting opinions regarding the outboard motor in those waters without determining the type of engine and propeller that was on the skiff or the accurate strength of the tide. Mr. Sargent had access to invoices from Hochstrasser's Marina, Inc. which stated that the engine was a Mercury 40 outboard and provided the

7

serial number so he had the means to seek out further information from the manufacturer. (Report of Arthur Sargent, attached hereto as Exhibit C). Mr. Sargent was aware of other methods of determining the current but did not utilize those methods.

Furthermore, none of the defendant's employees complained that the skiff was underpowered in that area or had problems navigating the waters during the months before the incident. In fact, the plaintiff, who used the skiff "[e]veryday. A couple times a day," testified that he had never had any problems or complaints with the skiff prior to the date of the incident. (Deposition of Steven Ramsey, pg. 74, Lines 16-21, attached hereto as Exhibit D).

> Q: How about after it was repaired but prior to Mr. Ramsey's injury, did anybody ever tell you that there was a problem with that motor or with that skiff?
> A: No.
> (Deposition of Alex Dick, pg. 16, Lines 14-18, attached hereto as Exhibit E).

Therefore, there is not a sufficient basis for Mr. Sargent's opinion that the skiff was under horsepower. See Holesapple v. Barrett, 5 Fed.Appx. 177, 180 (4th Cir. 2001) (unpublished opinion) (Finding "[i]t is still a requirement that the expert opinion evidence be connected to the existing data by something more than the 'it is so because I said so' of the expert.").

Mr. Sargent acknowledges that he has not testified as an expert regarding 40 horsepower outboard motors, which is the subject of his opinion. (Deposition of Arthur Sargent, pg. 90, Lines 5-9, attached hereto as Exhibit A). As such, due to the unreliability, lack of sufficiency and foundation of his expert opinion, his testimony regarding the vessel being underpowered for the currants should be inadmissible.

c) <u>Further Opinions of Mr. Sargent Which Should Be Excluded Because They Are Not Sufficient, Reliable Or Have Foundation.</u>

Mr. Sargent further opined that a broken keyweigh could have caused the propeller to halt. The plaintiff described a situation where the engine was running on the skiff but that the propeller was not going and Mr. Sargent opined from that description that the situation could have occurred due to the engine being in neutral or a broken keyweigh. (Deposition of Arthur Sargent, pg. 87, Lines 7-19, attached hereto as Exhibit A). Mr. Sargent opined that the keyweigh broke upon reviewing a Hochstrasser invoice. However, he did not attempt to learn where the key was located even though he opines this break may possibly have caused the propeller to stop moving. (<u>Id.</u>). There is no basis or methodology for the opinion. Accordingly, this expert opinion must be denied as insufficient as well as unreliable.

Mr. Sargent opines that the vessel was unseaworthy due to lack of a communication radio. (Deposition of Arthur Sargent, pg. 69, Lines 6-7, attached hereto as Exhibit A). Mr. Sargent admits he is not a radio expert. (Deposition of Arthur Sargent, pg. 70, Lines 20-23, attached hereto as Exhibit A). As such, his opinion regarding a lack of radio communication as an additional cause of the incident or as indicia of unseaworthiness of the skiff is unfounded and should be excluded.

d) <u>Opinions Based On Personal Experience Of Mr. Sargent Should Not Be Admissible.</u>

If an expert is basing his opinions solely on experience, then he "must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliable" when applied to the facts at issue. Federal Rules of Evidence 702, Advisory Committee Notes.

9

Given that Mr. Sargent has little familiarity with the maintenance, repair and operation of outboard motors, specifically 40 horsepower motors, he certainly cannot rely upon his own personal experience for his testimony. It appears Mr. Sargent is basing his knowledge of maintenance of a 40 horsepower outboard motor on owing his own boats, none of which ever held a 40 horsepower motor. (Deposition of Arthur Sargent, pg. 79-80; pg. 93, lines 13-16, attached hereto as Exhibit A). He has not owned, repaired or maintained an outboard motor over 25 horsepower in over twenty years. (Deposition of Arthur Sargent, pg. 93, Lines 13-24, pg. 94, Lines 1-3, attached hereto as Exhibit A). Mr. Sargent does not consider himself an expert if the issue were strictly limited to maintenance of outboard motors. (Deposition of Arthur Sargent, pg. 80, Lines 19-24; pg. 91, Lines 3-19, attached hereto as Exhibit A). In fact, Mr. Sargent admitted that he is not the expert regarding operation of outboard motors, but rather the plaintiff himself is the expert on that issue. (Deposition of Arthur Sargent, pg. 78, Lines 12-18, attached hereto as Exhibit A).

To the extent that his opinions are based on experience, he has not met the requirements of Federal Rules of Evidence 702 per the Advisory Committee Notes. Thus, there is nothing else which supports his opinions or his ability to give opinions on the maintenance, repair or operation of an outboard motor in this case. His opinions should be rejected for these reasons. See In re Agent Orange Product Liability Litigation, 611 F.Supp. 1223, 1249 (E.D.N.Y. 1985), aff'd, 818 F.2d 187 (2nd Cir. 1987) (Noting that "when causation is at issue, courts are particularly wary of unfounded expert opinion").

WHEREFORE, the defendant respectfully requests that this Court exclude Mr. Arthur C. Sargent as an expert witness on liability in this case. Specifically, the defendant respectfully requests that any opinions regarding causation due to electrical problems, lack of radio, broken keyweigh and underpowered motor be excluded. Further, any expert opinions based on Mr. Sargent's personal experience in maintenance, repair or operation of an outboard motor be excluded based on the above.

        Respectfully submitted,
        JAY CASHMAN, INC.,

        /s/ Robert J. Murphy
        Robert J. Murphy, BBO# 557659
        HOLBROOK & MURPHY
        238-240 Lewis Wharf
        Boston, MA  02110
        617-428-1151
        holbrook_murphy@msn.com

Certificate of Service

I hereby certify that on October 12, 2007, I electronically filed the Defendant's Motion In Limine With Incorporated Memorandum Of Law To Exclude The Testimony of the Plaintiff's Designated Liability Expert with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

        /s/ Robert J. Murphy
        Robert J. Murphy, BBO# 557659
        Holbrook & Murphy
        238-240 Lewis Wharf
        Boston, MA 02110
        (617) 428-1151
        holbrook_murphy@msn.com