UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| STEVEN RAMSEY | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 04-CV-10699(RCL) |
| JAY CASHMAN, INC. | : | |
| | : | |
| Defendant | : | |

**PLAINTIFF'S FIRST SUPPLEMENTAL REQUEST FOR POINTS FOR CHARGE**

1.     You have heard testimony about evidence which has not been produced. Counsel for plaintiff has argued that this evidence was in defendant's control and would have proven facts material to the matter in controversy. If you find that the defendant could have produced the evidence, and that the evidence was within his or her control, and that this evidence would have been material in deciding among the facts in dispute in this case, then you are permitted, but not required, to infer that the evidence would have been unfavorable to the defendant. In deciding whether to draw this inference, you should consider whether the evidence not produced would merely have duplicated other evidence already before you. You may also consider whether the defendant had a reason for not producing this evidence, which was explained to your satisfaction. Again, any inference you decide to draw should be based on all of the facts and circumstances in this case. L. Sand, et al., <u>Modern Federal Jury Instructions</u>, Instruction 75-7 (1997).

THE PLAINTIFF,
STEVEN RAMSEY
By His Attorneys,


/s/ Samuel J. Rosenthal
Samuel J. Rosenthal, Esquire
BARISH◆ROSENTHAL
Bell Atlantic Tower, Suite 4020
1717 Arch Street
Philadelphia, PA  19103
(215) 923-8900

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on October 16, 2007.

/s/ Ronald M. Davids
Ronald M. Davids