UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

*******************************)
**STEVEN RAMSEY,**             )
       **Plaintiff**       )
                           )   **Civil Action No.:**
**v.**                          )   **04-CV-10699-RCL**
                           )
**JAY CASHMAN, INC.**          )
       **Defendant**       )
*****************************

### DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION IN *LIMINE* TO EXCLUDE EVIDENCE OF COLLATERAL SOURCE BENEFITS

NOW COMES the defendant, Jay Cashman, Inc., in the above captioned matter, by and through its undersigned attorneys, Holbrook & Murphy, and respectfully submits its Opposition to Plaintiff's Motion in *Limine* to Exclude Evidence of Collateral Source Benefits.

Plaintiff seeks to exclude Mr. Ramsey's receipt of Social Security benefits under the Collateral Source Rule because he asserts that such evidence is more prejudicial than probative. Further, plaintiff alleges that there are less prejudicial means to support malingering, thereby invoking the collateral source rule as to these benefits.

However, the fact that Mr. Ramsey collects $1,000 per month in Social Security benefits for over two years is direct support that Mr. Ramsey has a complete lack of motivation to return to work and provides probative evidence as to why Mr. Ramsey is a malingerer. Additionally, although the defendant plans to introduce other evidence at trial that can support the fact that plaintiff is a malingerer, other conclusions can be drawn from such actions aside from malingering. Accordingly, the best evidence of plaintiff's malingering is his receipt of Social Security benefits.

The defendant further relies upon the facts and opinions set out below in its supporting memorandum.

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS OPPOSITION TO PLAINTIFF'S MOTION IN *LIMINE* TO EXCLUDE EVIDENCE OF COLLATERAL SOURCE BENEFITS**

I.     COLLATERAL SOURCE RULE

Under the collateral source rule, the plaintiff need not offset his or her recovery from the defendant by the amount of any benefits received from a source collateral to the defendant and therefore such evidence *may* be excluded at trial. McGrath v. CONRAIL, 136 F.3d 838, 841 citing Lussier v. Runyon, 50 F.3d 1103, 1107 (1st Cir. 1995). However, courts have allowed collateral source evidence where such evidence is of probative value. Moses v. Union Pac. R.R., 64 F.3d 413, 416 (8th Cir. 1995). Such allowance is based on the judge's discretion in weighing whether under Fed. R. Evid. 403 such collateral source evidence is more probative than prejudicial. McGrath, 50 F.3d at 841; Fed. R. Evid. 403.

The admittance of Mr. Ramsey's collateral source benefits provide probative evidence in that he lacks motivation to work due to these benefits. Plaintiff has been out of work since his injury in 2001 and has collected such Social Security benefits since approximately 2005 in the amount of $1,000 per month. Collection of such benefits has provided Mr. Ramsey with no motivation to work and as such is a malingerer. Corsetti v. Stone Co., 396 Mass. 1, 483 N.E.2d 793 (Mass. 1985), cited in England v. Reinauer Transportation Companies, L.P., 194 F.3d 265 (1st Cir. 1999). The evidence of the Social Security benefits would not be cumulative in the case at bar as it was in England.

In McGrath v. CONAIR, the court allowed the collateral source of the plaintiff's disability payments to go to the issue of McGrath's credibility. 136 F.3d 838, 841 (1st Cir. 1998). Specifically, Conrail presented collateral source evidence to show McGrath's lack of motivation for returning to work. Id. Here, such collateral source evidence is also necessary to show why Mr. Ramsey has a motivating factor to not return to work other than the fact that he is allegedly so severely disabled.

In Eichal v. New York Central Railroad Co., the Supreme Court excluded collateral source evidence as to support the issue of malingering because other evidence generally exists that is less prejudicial and provides more probative value. 375 U.S. 253, 255 (1963). However, the First Circuit held in McGrath that, "we do not believe that the Eichal court established a bright-line rule barring the admission of collateral source evidence on the issue of malingering." 136 F.3d at 841. Instead, under the particular facts of Eichal, the Court abused its discretion in applying Fed. R. Evid. 403 in that the prejudicial effect outweighed the probative value.

But if such discretion of Fed. R. Evid. 403 is not abused, then the collateral source evidence may be allowed. In Simmons v. Hoegh Lines, the court held that "[i]f there is a little likelihood of prejudice and no strong potential for improper use, then receipt of compensation benefits may be admissible for the limited purpose of proving another matter." 784 F.2d 1234, 1236 (5th Cir. 1986).

Plaintiff argues that there are less prejudicial means to prove malingering, therefore supporting their conclusion that the collateral source benefits should be excluded. Plaintiff considers surveillance videos that show the plaintiff "in no apparent distress walking and shoveling snow" and Dr. Birkenfeld's testimony that the plaintiff

3

was exhibiting "exaggeration of symptoms" as the less prejudicial evidence available. However, in acknowledging the surveillance tapes, the plaintiff has implied in conversations that they do not admit that the man in the surveillance was even the plaintiff. Further, the testimony of Dr. Birkenfeld is the opinion of defendant's expert and does not provide the necessary direct proof that Mr. Ramsey is a malingerer. In fact, other conclusions can be drawn.

Although Fed. R. Evid. 403 provides that the availability of other means of proof may also be an appropriate factor in determining whether the collateral source is prejudicial, the proof that the plaintiff points to does not provide the support of malingering as well as the collateral source does here. From the evidence that plaintiff points to as less prejudicial means, other conclusions can be drawn to explain such events, such as the plaintiff's denying that the man in the surveillance tape is Mr. Ramsey.

The only evidence that fully supports malingering is that of the collateral source benefits. The plaintiff's receipt of benefits shows why the plaintiff has failed to go back to work six years after the injury and two years of receiving Social Security benefits. Therefore, the probative value of this evidence far outweighs any prejudicial effect.

## II.    Conclusion

Based on the foregoing, the defendant respectfully requests this Court to deny Plaintiff's Motion In *Limine* to Exclude Evidence of Collateral Source Benefits.

                                                   Respectfully submitted,
                                                   JAY CASHMAN, INC.,

                                                   /s/ Robert J. Murphy
                                                 Robert J. Murphy, BBO# 557659
                                                 HOLBROOK & MURPHY
                                                 238-240 Lewis Wharf
                                                 Boston, MA  02110
                                                 617-428-1151
                                                 holbrook_murphy@msn.com

<u>Certificate of Service</u>

     I hereby certify that on October 18, 2007, I electronically filed the Defendant's Opposition to Plaintiff's Motion In *Limine* With Incorporated Memorandum of Law to Exclude Evidence of Collateral Source Benefits with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

                                                   /s/ Robert J. Murphy
                                                 Robert J. Murphy, BBO# 557659
                                                 Holbrook & Murphy
                                                 238-240 Lewis Wharf
                                                 Boston, MA 02110
                                                 (617) 428-1151
                                                 holbrook_murphy@msn.com