## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **STEVEN RAMSEY** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CIVIL ACTION** |
| v. | : | |
| | : | **NO. 04-CV-10699(RCL)** |
| **JAY CASHMAN, INC.** | : | |
| | : | |
| **Defendant** | : | |

### PLAINTIFF'S RESPONSE TO THE MOTION TO EXCLUDE EARNING RECORDS OF ANY INDIVIDUAL OTHER THAN PLAINTIFF

Plaintiff, Steven Ramsey, by and through his undersigned counsel, hereby respectfully responds to the Motion to Exclude Earning Records of Any Individual Other Than Plaintiff, and in opposition hereof, responds as follows:

I.     **FACTS**

Plaintiff, Steven Ramsey, is a seaman. This is a Jones Act, 46 USCS § 688, et. seq., and general maritime law case brought by the Plaintiff against his employer, Jay Cashman, Inc. ("Cashman"). On April 5, 2001, Plaintiff was injured in the course and scope of his employment for Cashman at a work site located at Barnegate, New Jersey. See Deposition of Steven Ramsey, relevant portions of which have been attached as Exhibit "A" at 54. Mr. Ramsey was a mate/engineer aboard the Dredge, Wood I. Exhibit "A" at 55. After Mr. Ramsey's casualty, Cashman hired Richard Knowlton to perform the mate/engineer work previously performed by Mr. Ramsey.

## II.    ARGUMENT

Cashman claims that Plaintiff should be precluded from introducing evidence relating to the earnings of Cashman employee *Richard* Knowlton, Jr. for the period from September 2002 to April 2003. In support of this claim, Cashman claims that Mr. Ramsey and Mr. Knowlton performed different jobs; the Mr. Ramsey was a mate/engineer while Mr. Knowlton was a crane operator. This is false. Cashman confuses *Richard* Knowlton, Jr., a dredge mate/engineer, with *Joseph* Knowlton, a crane operator. *Richard* Knowlton, Jr. arrived on the Barnegate Inlet job after Mr. Ramsey's casualty of April 5, 2001, and he performed the same work, and received the same rate of pay, as Mr. Ramsey. His pay stubs were submitted to Plaintiff's economic expert, Royal Bunin, and produced to the Defendant. The pay stubs were used by the economist simply as additional support as to the stream of earnings lost by Mr. Ramsey following his on-the-job injury. See Report of Bunin Associates, attached hereto as Exhibit "B" at 1. These records have also been listed on Plaintiff's Pretrial Memorandum as Exhibit 12. As for *Joseph* Knowlton, the crane operator, Plaintiff does not seek to offer evidence on his earnings, only his knowledge as to the availability of work in the dredging industry.

In FELA [and therefore Jones Act] cases plaintiff must prove pre-injury and post-injury earning potential. Stevens v. Bangor & Aroostook R.R., 97 F.3d 594 (1st Cir. Me. 1996)[1] (citing Quinones-Pacheco v. American Airlines, 979 F.2d 1, 6-7 (1st Cir. 1992)(To claim loss of earning

---

[1] In addition to case law directly interpreting the Jones Act, the statute incorporates and "adopts 'the entire judicially developed doctrine of liability' under the Federal Employers' Liability Act ('FELA')," 45 U.S.C. § 51. American Dredging Company v. Miller, 510 U.S. 443, 455-456, 127 L. Ed. 2d 285, 114 S. Ct. 981 (1994); see generally Thomas J. Schoenbaum, 1 Admiralty and Maritime Law at 312 (2d ed. 1994).

capacity, a plaintiff "must offer evidence from which a jury may reasonably determine the annualized stream of income that the plaintiff, uninjured, would probably have earned, and contrast it, over the period of proven disability, to a similar forecast of what the injured plaintiff's earnings are likely to be.")).  The unknowable and unquantifiable factors involved in calculating a future stream of lost income (e.g., future inflation rates; actual work life), militate against "a search for 'delusive exactness,'" since "it is perfectly obvious that the most detailed inquiry can at best produce an approximate result." Conde v. Starlight I, 103 F.3d 210, 215 (1st Cir. 1997) (quoting Jones & Laughlin Steel Corp. v. Pfeifer, 462 U.S. 523, 546, 552, 76 L. Ed. 2d 768, 103 S. Ct. 2541 (1983). As such, in order to prove the annualized stream of income that a Plaintiff, uninjured, would probably have earned, Courts routinely allow the introduction of evidence relating to the earnings of fellow employees in the same line of work.  See  Nielsen v. Northbank Towing, Inc., La. App. 99-1118, 768 So. 2d 145 (La.App. 1 Cir. July 13, 2000) (Court accepted Jones Act Plaintiff's economist's calculations built, in part, upon evidence of earnings of other workers who, like the Plaintiff, performed similar work).

The gravamen of the Defendant's motion is that the application of the evidence of Richard Knowlton, Jr.'s earnings to the past and future lost earning capacity of the Plaintiff is speculative and/or irrelevant.  Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.  As *Richard* Knowlton, Jr. worked at the same job as the Plaintiff, at the same position, for the same employer, and at the same rate of pay, his earnings as reflected on his pay stubs is clearly relevant to a determination of Mr. Ramsey's lost earning stream after the accident.  Those numbers simply augment, but do not form the entire basis of, Plaintiff's

economist's opinion as to Mr. Ramsey's annualized stream of income at the time he was hurt. As such, there is no prejudice to their use at trial by the aforesaid economist.

WHEREFORE, Plaintiff Steven Ramsey respectfully requests that this Honorable Court deny the Defendant's motion to exclude earning records of any individual other than Plaintiff.

The plaintiff,
Steven Ramsey
By His attorneys,

BARISH ◆ROSENTHAL

/s/ Samuel J. Rosenthal, Esq.
/s/ Rudolph V. DeGeorge, II, Esq.
Samuel J. Rosenthal, Esq.
Rudolph V. DeGeorge, II, Esq.
Bell Atlantic Tower, Suite 4020
1717 Arch Street
Philadelphia, PA  19103
(215) 923-8900

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on October 19, 2007.

/s/ Ronald M. Davids
Ronald M. Davids